GRIFFIN, J.
 

 Appellant, Brian Miller [“Miller”], appeals an order denying his second amended motion for removal from Florida’s sex offender registry.
 
 [1]
 
 He argues that the trial court erred when it concluded that removing him from the sex offender registry would conflict with federal law and, therefore, is not authorized by Florida law. We affirm.
 

 Miller had been charged in a two-count information with violation of section 800.04, Florida Statutes (2003), sexual battery upon a person twelve years of age or older, without consent, after administering a narcotic, anesthetic, or other intoxicating substance, and lewd or lascivious battery. Miller entered a nolo contendere plea to count two, and the State nolle prossed count one. Miller was sentenced as a youthful offender to six years probation.
 
 [2]
 
 Miller filed a motion for early termination of probation, which the court granted on June 8, 2007.
 

 Miller subsequently filed a motion requesting that he be removed from the sex offender registry as permitted in section 943.04354, Florida Statutes (2007). In its response, the State conceded that it had been provided the proper notice; that Miller was eighteen years of age and that the victim was fifteen years of age at the time of the offense. The State, however, objected that, because the offense in question did not involve a consensual act, Millers removal from the sex offender registry would conflict with federal law, specifically the Adam Walsh Child and Protection Safety Act of 2006
 
 [3]
 
 [“the Adam Walsh Act”], and, accordingly, he was not entitled to removal from the registry under Florida law.
 

 Three separate hearings on Miller’s motion were conducted. Miller made three arguments: that the offense to which he entered his plea did not require proof that the act in question was not consensual; that section 943.04354, Florida Statutes (2007), does not expressly require that the offense in question involve consensual conduct; and, in any event, that the sex act between Miller and the victim was, in fact, consensual. Evidence was offered on the consent issue.
 

 Subsequently, the trial court entered a written order denying Millers motion. The trial court acknowledged that section 943.04354, Florida Statutes, makes no direct reference to a consent requirement, but concluded that the statute must be read in conjunction with federal law because section 943.04354 requires that removal from the Florida registry must not conflict with federal law. The court decided that the Adam Walsh Act required the court to deny Millers motion if the conduct in question was not consensual. The trial court then found that the totality of the circumstances suggest the sex act at issue was “something other than consensual sexual contact,” and thus the motion had to be denied.
 

 Upon conviction for a violation of section 800.04, Florida Statutes, as well as other enumerated sections, a defendant is automatically designated a sexual offender and
 
 *780
 
 subject to registration requirements contained in section 943.0435, Florida Statutes. However, under section 943.04354, a new law, effective July 1, 2007, a defendant designated as a sexual offender for such a conviction may petition the sentencing court for removal from the sex offender registry if he meets certain criteria. Specifically, section 943.04354, provides:
 

 (1) For purposes of this section, a person shall be considered for removal of the requirement to register as a sexual offender or sexual predator only if the person:
 

 (a) Was or will be convicted or adjudicated delinquent of a violation of s. 794.011, s. 800.04, or s. 847.0135(5) or the person committed a violation of s. 794.011, s. 800.04, or s. 847.0135(5) for which adjudication of guilt was or will be withheld, and the person does not have any other conviction, adjudication of delinquency, or withhold of adjudication of guilt for a violation of s. 794.011, s. 800.04, or s. 847.0135(5);
 

 (b) Is required to register as a sexual offender or sexual predator solely on the basis of this violation; and
 

 (c) Is not more than 4 years older than the victim of this violation who was 14 years of age or older but not more than 17 years of age at the time the person committed this violation.
 

 (3)(a) This subsection applies to a person who:
 

 1. Is not a person described in subsection (2) because the violation of s. 794.011 or s. 800.04 was not committed on or after July 1, 2007;
 

 2. Is subject to registration as a sexual offender or sexual predator for a violation of s. 794.011 or s. 800.04; and
 

 3.Meets the criteria in subsection (1). (b) A person may petition the court in which the sentence or disposition for the violation of s. 794.011 or s. 800.04 occurred for removal of the requirement to register as a sexual offender or sexual predator. The person must allege in the petition that he or she meets the criteria in subsection (1) and
 
 removal of the registration requirement will not conflict with federal law.
 
 The state attorney must be given notice of the petition at least 21 days before the hearing on the petition and may present evidence in opposition to the requested relief or may otherwise demonstrate why the petition should be denied. The court shall rule on the petition and, if the court determines the person meets the criteria in subsection (1) and removal of the registration requirement will not conflict with federal law, it may grant the petition and order the removal of the registration requirement. If the court denies the petition, the person is not authorized under this section to file any further petition for removal of the registration requirement.
 

 (Emphasis added).
 
 [4]
 

 Title I of the Adam Walsh Act is codified as the “Sex Offender Registration and Notification Act,” 42 U.S.C. § 16911 et seq. [“SORNA”]. The legislation provides for a comprehensive national system for registration of sexual offenders.
 
 See
 
 42 U.S.C. § 16901 (2006). The Attorney General is required to set up and maintain a “National Sex Offender Registry” to share information. SORNA “was intended to close loopholes, especially to prevent sex offenders from being lost to tracking efforts as they travel from state to state.”
 
 United States v. Ditomasso,
 
 552 F.Supp.2d 233, 236 (D.R.I.2008)
 
 (citing
 
 152 Cong.
 
 *781
 
 Rec. at 8013). All states are required to maintain a sex offender registry conforming to the Adam Walsh Act.
 
 [5]
 

 See
 
 42 U.S.C. §§ 16911(10), 16912 (2006). The Adam Walsh Act defines “sexual offender” as “an individual who was convicted of a sex offense.” 42 U.S.C. § 16911(1) (2006). However, under the Adam Walsh Act, an offense involving consensual sexual conduct is not “a sex offense for the purposes of this subchapter if the victim was an adult, unless the adult was under the custodial authority of the offender at the time of the offense, or if the victim was at least 13 years old and the offender was not more than 4 years older than the victim.” 42 U.S.C. § 16911(5)(C) (2006).
 
 [6]
 
 Congress made clear that it provided an exception for consensual conduct to eliminate the harsh consequence of lifetime inclusion on the sex-offender registries for young people who engage in consensual sexual conduct — -so-called “Romeo and Juliet” offenders.
 

 The inclusion in Florida’s removal statute of the language, “and removal of the registration requirement will not conflict with federal law,” suggests that the court must determine, if it has not already been determined, that the petition does not conflict with federal law before the trial court has the discretion to grant the petition. There can be no doubt that the Legislature intended Florida’s sexual offender registry to conform to the Adam Walsh Act so that Florida will continue receiving federal funding for crime prevention that is tied to compliance with the Act.
 

 Miller objects that the offense to which he entered his plea does not contain an element addressing the issue of consent. He contends that the trial court should not have looked behind the conviction to determine whether the conduct in question was not consensual. According to Miller, the trial court should have only considered the elements of the offense to which Miller entered his plea. Miller argues that because the offense of which he was convicted does not contain an element of non-consent on the part of the victim, the trial court is precluded from considering that issue. We disagree. Under Section 800.04, Florida Statutes, lack of consent is not an element that must be proved because consent is irrelevant to conviction of this particular sex offense, but the federal statute makes clear that only persons who have engaged in consensual conduct can be exempt from registering as sexual offenders.
 

 Miller finally argues that there was no competent substantial evidence to support the finding of the lower court that the conduct was non-consensual. At the evi-dentiary hearing, the trial court heard from witnesses who called into doubt the victim’s consent, and the trial judge, in camera, also spoke with the victim, who denied giving consent. The victim’s sworn
 
 *782
 
 statements were also admitted into evidence. In those statements, the victim said that she was very intoxicated and remembered very little, except that she told Miller to stop. Additionally, the sworn statement of Christopher Tittel was admitted to show that Miller and his co-defendant planned to “rape” a girl by getting her drunk and that they later bragged to Christopher Tittel that they had done so.
 
 [7]
 

 Because a consensual act is a prerequisite for removal from the sex offender registry and Miller was unable to persuade the trial court that the offense of which he was convicted was consensual, he is not entitled to removal under section 943.04354, Florida Statutes.
 

 AFFIRMED.
 

 MONACO, C.J., and ORFINGER, J., concur.
 

 [1]
 

 . § 943.0435, Florida Statutes (2007).
 

 [2]
 

 . The State appealed Miller's judgment and sentence. This Court reversed, finding that the lower court’s failure to impose sex offender conditions as a term of Miller’s probation was erroneous.
 
 State v. Miller,
 
 888 So.2d 76 (Fla. 5th DCA 2004).
 

 [3]
 

 .42 U.S.C. § 16901 et. seq.
 

 [4]
 

 . The statute was amended in 2008 to include section 847.0135(5). At the same time, section 847.0135 was amended to include subsection (5).
 
 See
 
 Ch. 2008-172, § 4 Laws of Fla.
 

 [5]
 

 . According to an article written about the Act, the failure of the states to conform their law by July 2009, results in a ten percent cut to their share of funds in a congressional grant program used to fight crime.
 
 See
 
 John Gramlich,
 
 Will States Say No to Adam Walsh Act?,
 
 Stateline.org. Staff Writer, www. stateline.org/live/details/story?contentId= 273887. Florida apparently was one of the first states to come into compliance.
 

 [6]
 

 . In its answer brief, the State cites to Staff of Fla. S. Comm, on Judiciary CS/CS/SB 1604 2007
 
 Staff Analysis 9
 
 (Apr. 11, 2007):
 

 A person who meets the initial criteria, may and probably will be, subject to the requirements of the federal Adam Walsh Act to register. However, section 111(5)(C) of the Adam Walsh Act provides that offenses involving consensual sexual contact are not sex offenses for purposes of the federal act given certain provisions and the age of the offender and the victim. Therefore, insofar as not conflicting with the Adam Walsh Act, the court hearing the motion would be required to determine that the violation involved consensual sexual conduct.
 

 [7]
 

 . No evidentiary issue has been raised on appeal.