ALTENBERND, Judge.
Willie Clark appeals an order denying his postconviction petition to remove the requirement that he register as a sex offender. He filed his petition pursuant to section 943.04854, Florida Statutes (2011), the so-called “Romeo and Juliet” special circumstance. We conclude that we have jurisdiction of this appeal as one from an order entered after final judgment. See Fla. R.App. P. 9.140(b)(1)(D). Although from this record we cannot determine why the trial court denied this petition, we affirm because the petition was untimely. Mr. Clark’s offense occurred after July 1, 2007. As a result, he needed to raise this issue in a motion filed before his sentencing hearing. See § 943.04354(2). He is not eligible to file a petition after sentencing. See § 943.04354(3).
Mr. Clark’s petition alleges that he engaged in sexual activity with a fifteen-year-old girl on September 8, 2008, when he was eighteen years old. As a result, the State charged him with lewd and lascivious battery under section 800.04(4)(a), Florida Statutes (2008). In October 2009, he pleaded nolo contendere. The trial court adjudicated him guilty and placed him on one year of community control, followed by four years of probation as a sex offender. Persons who are convicted of violating section 800.04 are subject to substantial sex offender registration requirements. See § 943.0435.
Mr. Clark filed a “Petition to Remove Sex Offender Designation,” along with an appendix in June 2011. Apparently, the trial court conducted a hearing on this motion on July 25, 2011, although we have no transcript from that hearing. Mr. Clark appealed the denial of his motion before the trial court rendered any order. On September 14, 2011, the trial court entered an order denying the petition without any written explanation “after considering Mr. Clark’s petition, the State’s objection, and reviewing the case.”
Our review of this order has been hampered by the fact that Mr. Clark’s designation as a sex offender is not regarded as a portion of his sentence. See § 943.0435(12). He is handling this matter without the assistance of counsel. He sought to include a transcript of the July 2011 hearing in the record, but none was ever prepared. We have no idea whether the State objected to his petition in writing or at the hearing. The record contains no information about the position taken by the State in the trial court.
On appeal, the State takes the position that the decision to grant such a petition is “discretionary” and, thus, the order is not appealable. We disagree. There are many decisions made by trial courts that are discretionary. Neither the Florida Constitution nor the Florida Rules of Appellate Procedure exclude orders containing discretionary decisions from appellate review. Instead, such decisions are reviewed for an abuse of discretion. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). This standard of review rarely results in relief because it requires affir-mance of the trial court order unless no reasonable judge could have reached the decision challenged on appeal. Id. at 1203.
Florida Rule of Appellate Procedure 9.140(b)(1)(D) permits a defendant to appeal “orders entered after final judgment.” Although it may be that some orders following final judgment do not receive review in this fashion,[1] we note that *988 orders imposing a sexual predator designation are so appealable. See Saintelien v. State, 990 So.2d 494, 496 (Fla.2008). Given that the right to seek removal of the requirement to register as a sexual offender or predator is provided by statute and the defendant is provided only one opportunity to exercise this right, we see no reason not to treat this order as an appealable order. See § 943.04354(2); see also Miller v. State, 17 So.3d 778 (Fla. 5th DCA 2009) (reviewing a similar order without discussion of the jurisdictional basis).
Unfortunately for Mr. Clark, section 943.04354 is complex, and he has filed his petition under subsection (3) when it should have been filed under subsection (2). The relevant sections of the statute state:
943.04354 Removal of the requirement to register as a sexual offender or sexual predator in special circumstances.—
(1) For purposes of this section, a person shall be considered for removal of the requirement to register as a sexual offender or sexual predator only if the person:
(a) ... committed a violation of ... s. 800.04 ... for which adjudication of guilt was or will be withheld, and the person does not have any other conviction, adjudication of delinquency, or withhold of adjudication of guilt for a violation of ... s. 800.04 ...;
(b) Is required to register as a sexual offender or sexual predator solely on the basis of this violation; and
(c) Is not more than 4 years older than the victim of this violation who was 14 years of age or older but not more than 17 years of age at the time the person committed this violation.
(2) If a person meets the criteria in subsection (1) and the violation of ... s. 800.04 ... was committed on or after July 1, 2007, the person may move the court that will sentence or dispose of this violation to remove the requirement that the person register as a sexual offender or sexual predator. The person must allege in the motion that he or she meets the criteria in subsection (1) and that removal of the registration requirement will not conflict with federal law. The state attorney must be given notice of the motion at least 21 days before the date of sentencing or disposition of this violation and may present evidence in opposition to the requested relief or may otherwise demonstrate why the motion should be denied. At sentencing or disposition of this violation, the court shall rule on this motion and, if the court determines the person meets the criteria in subsection (1) and the removal of the registration requirement will not conflict with federal law, it may grant the motion and order the removal of the registration requirement. If the court denies the motion, the person is not authorized under this section to petition for removal of the registration requirement.
(3)(a) This subsection applies to a person who:
1. Is not a person described in subsection (2) because the violation of ... s. 800.04 was not committed on or after July 1, 2007;
[[Image here]]
(b) A person may petition the court in which the sentence or disposition for the violation of ... s. 800.04 ... occurred *989 for removal of the requirement to register as a sexual offender or sexual predator. The person must allege in the petition that he or she meets the criteria in subsection (1) and removal of the registration requirement will not conflict with federal law. The state attorney must be given notice of the petition at least 21 days before the hearing on the petition and may present evidence in opposition to the requested relief or may otherwise demonstrate why the petition should be denied. The court shall rule on the petition and, if the court determines the person meets the criteria in subsection (1) and removal of the registration requirement will not conflict with federal law, it may grant the petition and order the removal of the registration requirement. If the court denies the petition, the person is not authorized under this section to file any further petition for removal of the registration requirement.
(Emphasis supplied).
For defendants who are eligible for relief under subsection (1), the time to seek relief depends on whether the violation of section 800.04 was committed before or after midnight of July 1, 2007. For a defendant like Mr. Clark, who committed his offense on or after July 1, 2007, relief must be sought by a motion filed before sentencing and the trial court must rule on the motion at sentencing. See § 943.04354(2). For a defendant who committed an offense before July 1, 2007, there is no requirement that the motion be filed before sentencing. See § 943.04354(3). Because Mr. Clark did not commit his violation of section 800.04 before July 1, 2007, his petition filed under subsection (3) was unauthorized and could be denied, or perhaps stricken.
It is noteworthy that our result in this opinion does not derive from a review of the order for an abuse of discretion. Before a trial court can make a discretionary decision, it must be presented with a pleading and a factual basis to make that decision. Here we review the petition de novo and determine, as a matter of law, that it was insufficient or unauthorized. The trial court was required to deny this petition as a matter of law, not as an issue of discretion.
If we were actually required to review this order for an abuse of discretion, we might have been obligated to reverse it. Section 943.04354 contains no explanation of the facts a trial court must consider in ruling on a motion filed under it. As explained in Canakaris, discretion is not unbridled:
The trial court’s discretionary power is subject only to the test of reasonableness, but that test requires a determination of whether there is logic and justification for the result. The trial courts’ discretionary power was never intended to be exercised in accordance with whim or caprice of the judge nor in an inconsistent manner. Judges dealing with cases essentially alike should reach the same result. Different results reached from substantially the same facts comport with neither logic nor reasonableness.
Canakaris, 382 So.2d at 1203. When a statute provides no guidelines to assure that trial courts render similar results in similar cases, it is more important for trial courts to explain their reasoning.
Nothing in the order appealed or in the record explains the trial court’s ruling.[2] If *990 the court intended to make a discretionary-decision, we have no ability to determine why it ruled or whether there is any logic or justification for the result. In the future, almost all of these issues will be resolved at sentencing with an attorney representing the defendant. We are optimistic that records of discretionary decisions made under subsection 943.04354(2) will be more transparent and easier to review for an abuse of discretion than is the order in this case.
Affirmed.
KHOUZAM and MORRIS, JJ., Concur.

. For example, orders on motions filed pursuant to Florida Rule of Criminal Procedure 3.800(c) are orders entered after final judgment that have long been reviewed by petition for writ of certiorari. See Spaulding v. State, 93 So.3d 473, 476 (Fla. 2d DCA 2012) (em *988 phasizing that the Second District "typically limit[s] certiorari review of orders denying relief under rule 3.800(c) to errors involving jurisdiction, violations of due process, patent applications of the wrong law, and other clear deprivations of constitutionally guaranteed rights”).

. Obviously, the missing transcript may have demonstrated the logic and justification of the ruling. If we had been required to review a discretionary decision, in the absence of an explanation in the order, we would have *990 needed the transcript in order to have an adequate record to review this issue.