ALTENBERND, Judge.
Jorge Emanuel Martinez appeals an order denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The motion contained several claims, but we elect to address only one. Mr. Martinez argues that his attorney at sentencing was ineffective when he improperly conceded that Mr. Martinez did not qualify for consideration under the so-called “Romeo and Juliet Statute,” section 948.04354, Florida Statutes (2008). We reverse the order on appeal with regard to claim three of Mr. Martinez’s motion and require the postcon-viction court to provide him a hearing to determine whether the requirement that he register as a sexual offender should be removed.
Mr. Martinez was charged in 2008 with lewd or lascivious battery[1] for events that occurred on October 31 or November 1, 2006. At the time of the events, Mr. Martinez had just turned eighteen. The victim of this battery was a young girl who was fourteen. The difference in age between Mr. Martinez and his victim was approximately three years and ten months. The record reflects substantial disagreement between the victim’s family and Mr. Martinez as to whether this was a case of inappropriate young love or simply a lewd or lascivious battery.
Mr. Martinez entered a negotiated plea in October 2008. The plea was an open plea conditioned on sentencing as a youthful offender. The court held a sentencing hearing in January 2009 and imposed a youthful offender sentence of two years’ community control followed by four years’ probation. The court designated Mr. Martinez as a sexual offender.[2] Mr. Martinez did not appeal.
The problem in this case first arose at the sentencing hearing. Mr. Martinez’s attorney explained to the court that the presentence investigation and apparently a separate clinical psychologist had recommended that Mr. Martinez not be categorized as a sexual offender. However, Mr. Martinez’s attorney informed the trial court that he had “done some research” and was “disappointed to report that [he did] not believe that Mr. Martinez qualified] under [the Romeo and Juliet] statute.” He explained to the trial court that Mr. Martinez had turned eighteen a day or two before these events and then said: “As the court is, I am sure, aware the Romeo and Juliette [sic] Statute is a statute which applies to individuals with a 4-year gap in age and the defendant or offender required to be under the age of 18.” As a result of this interpretation of the statute, Mr. Martinez’s attorney advised the trial court that his client did not qualify for relief.
Section 943.04354 was enacted in 2007;[3] the subsection describing the persons eligible for consideration states:
(1) For purposes of this section, a person shall be considered for removal of the requirement to register as a sexual offender or sexual predator only if the person:
*917 (a) Was or will be convicted or adjudicated delinquent of a violation of s. 794.011, s. 800.04, s. 827.071, or s. 847.0135(5) or the person committed a violation of s. 794.011, s. 800.04, s. 827.071, or s. 847.0135(5) for which adjudication of guilt was or will be withheld, and the person does not have any other conviction, adjudication of delinquency, or withhold of adjudication of guilt for a violation of s. 794.011, s. 800.04, s. 827.071, or s. 847.0135(5);
(b) Is required to register as a sexual offender or sexual predator solely on the basis of this violation; and
(c) Is not more than 4 years older than the victim of this violation who was 14 years of age or older but not more than 17 years of age at the time the person committed this violation.
Mr. Martinez’s attorney misread paragraph (c) of this subsection; the person who cannot be “more than 17 years of age” is “the victim.” In fact and in law, Mr. Martinez was eligible for consideration under this statute.
Before the present postconviction motion was filed, another attorney for Mr. Martinez apparently filed a motion to modify or reduce his sentence pursuant to Florida Rule of Criminal Procedure 3.800(c). The record in this appeal contains the transcript from the hearing on that motion, but not the motion itself. The attorney was not certain why the court had determined at the original sentencing hearing that Mr. Martinez was not eligible for consideration under section 943.04354. But he read the statute to be applicable only to offenses committed after July 1, 2007. Because this offense occurred in 2006, he did not believe the statute applied, and he asked the trial court to apply the “spirit” of this law. The assistant state attorney agreed that the statute did not apply to offenses committed prior to July 1, 2007. The trial court denied the motion.[4]
Both attorneys at this hearing failed to read the entire statute. Subsection (2) provides procedures for use at sentencing hearings for offenses committed on or after July 1, 2007, which is the date the statute became effective.[5] Subsection (3) *918 provides procedures for earlier offenses, allowing for a petition independent of the sentencing hearing.[6] Mr. Martinez happened to be one of those individuals whose offense occurred before July 1, 2007, and whose sentencing hearing occurred after that date. Technically his case falls within subsection (3), but one would have expected his attorney to have filed the petition to be heard at the sentencing hearing. See Clark v. State, 95 So.3d 986, 989 (Fla. 2d DCA 2012).
In short, Mr. Martinez is and always has been eligible for consideration for removal of the requirement that he register as a sexual offender. Because his attorney and the assistant state attorney both misread the statute, the trial court was told that the statute did not apply. This error was first accurately explained in Mr. Martinez’s rule 3.850 motion for postconviction relief. In denying the motion, the trial court seemed to believe that counsel was not ineffective because counsel raised the issue.
We conclude that counsel was ineffective in failing to read the statute with sufficient care to determine that it applied. To the extent that Mr. Martinez wishes to withdraw his plea, this error does not justify such relief. We conclude, however, that he is entitled to have one hearing pursuant to section 943.04354 where the trial court knows that the statute applies and, thus, can exercise its discretion to either grant or deny relief.
Affirmed in part, reversed in part, and remanded.
BLACK; J., and DARAN, STEPHEN L., Associate Senior Judge, Concur.

. See 800.04, Fla. Stat. (2008).

. See § 943.0435, Fla. Stat. (2008).

.See ch. 2007-209, § 3, at 1912-14, Laws of Fla.

. It is doubtful that the legislature intends this statute to be addressed by a motion under rule 3.800(c). That rule provides for discretionary relief from the trial court to reduce or modify a sentence for sixty days following the sentencing hearing. Subsections 943.04354(2) and (3) state that a person who is denied removal of this requirement cannot further petition under the rule for such removal. A motion under rule 3.800(c) would seem to be such a further petition.

. Section 943.04354(2), Florida Statutes (2008) provides:
(2) If a person meets the criteria in subsection (1) and the violation of s. 794.011, s. 800.04, s. 827.071, or s. 847.0135(5) was committed on or after July 1, 2007, the person may move the court that will sentence or dispose of this violation to remove the requirement that the person register as a sexual offender or sexual predator. The person must allege in the motion that he or she meets the criteria in subsection (1) and that removal of the registration requirement will not conflict with federal law. The state attorney must be given notice of the motion at least 21 days before the date of sentencing or disposition of this violation and may present evidence in opposition to the requested relief or may otherwise demonstrate why the motion should be denied. At sentencing or disposition of this violation, the court shall rule on this motion and, if the court determines the person meets the criteria in subsection (1) and the removal of the registration requirement will not conflict with federal law, it may grant the motion and order the removal of the registration requirement. If the court denies the motion, the person is not authorized under this section to petition for removal of the registration requirement.

. Section 943.04354(3), Florida Statutes (2008) provides:
(3)(a) This subsection applies to a person who:
1. Is not a person described in subsection (2) because the violation of s. 794.011, s. 800.04, or s. 827.071 was not committed on or after July 1, 2007;
2. Is subject to registration as a sexual offender or sexual predator for a violation of s. 794.011, s. 800.04 or s. 827.071; and
3. Meets the criteria in subsection (1).
(b) A person.may petition the court in which the sentence or disposition for the violation of s. 794.011, s. 800.04, or s. 827.071 occurred for removal of the requirement to register as a sexual offender or sexual predator. The person must allege in the petition that he or she meets the criteria in subsection (1) and removal of the registration requirement will not conflict with federal law. The state attorney must be given notice of the petition at least 21 days before the hearing on the petition and may present evidence in opposition to the requested relief or may otherwise demonstrate why the petition should be denied. The court shall rule on the petition and, if the court determines the person meets the criteria in subsection (1) and removal of the registration requirement will not conflict with federal law, it may grant the petition and order the removal of the registration requirement. If the court denies the petition, the person is not authorized under this section to file any further petition for removal of the registration requirement.