PER CURIAM.
Appellant challenges the order denying his petition to remove the requirement that he register as a sex offender. Because the trial court failed to afford Appellant a hearing on a disputed issue of material fact, we reverse and remand this cause for a hearing.
The State originally charged Appellant with one count of sexual battery in violation of section 794.011(4), Florida Statutes (1997), alleging that he penetrated the fifteen-year-old victim’s vagina with his penis without the victim’s consent and while she was physically helpless to resist. Five months later, the State amended the charge to lewd or lascivious assault upon a child, pursuant to section 800.04(1), Florida Statutes (1997). The amended information alleged that Appellant penetrated the victim’s vagina with his penis in a lewd, lascivious, or indecent manner without committing the crime of sexual battery. Section 800.04 specifies that the victim’s consent is not a defense to the crime. Appellant entered a no contest plea to the reduced charge and the court sentenced him to sixty-four months in prison.
Fourteen years later, Appellant filed a petition with the trial court seeking removal of the requirement to register as a sexual offender. As required by section 943.04354, Florida Statutes (commonly referred to as the Romeo and Juliet statute), Appellant alleged that removal of the registration requirement would not conflict with federal law. See § 943.04354(3)(b), Fla. Stat. (2011) (“The person must allege in the motion that he or she meets the criteria in subsection (1) and that removal of the registration requirement will not conflict with federal law.”). The State objected, asserting that Appellant did not qualify for removal. It argued that, under the Sex Offender Registration and Notification Act, 42 U.S.C. § 16911 (commonly known as the Adam Walsh Act), only consensual sexual conduct qualifies for relief from the registration requirement and Appellant’s sexual conduct with the victim was not consensual. The State attached a copy of the original information to its re *966 sponse to show that Appellant’s sexual conduct was not consensual. Appellant filed a reply pointing out that the amended information, which was filed several months before he entered his plea, did not allege non-consensual sexual conduct.
Without conducting a hearing to resolve the disputed fact, the trial court rendered its order denying Appellant’s petition. The court based its ruling on the victim’s statement contained in a presentence investigation report (“PSI”), which does not appear in the record.
The trial court’s decision on a petition for removal of the sexual offender registration requirement is reviewed for an abuse of discretion. Clark v. State, 95 So.3d 986 (Fla. 2d DCA 2012). Under section 943.0435, a defendant convicted of violating section 800.04 is automatically designated a sexual offender and required to comply with the registration requirements of the statute. Simmons v. State, 25 So.3d 638, 638 (Fla. 1st DCA 2009); Miller v. State, 17 So.3d 778, 779-80 (Fla. 5th DCA 2009). However, section 943.04354 permits a defendant to petition for removal of the registration requirement if the defendant satisfies the statutory criteria. Miller, 17 So.3d at 780. Here, the only criterion at issue is whether Appellant’s sexual conduct with the victim was consensual. If it was not consensual, then his removal from the registration requirement would violate the Adam Walsh Act. See 42 U.S.C. § 16911(5)(c) (2011) (excluding consensual sexual conduct from definition of “sex offense” under circumstances present in Appellant’s case, where “the victim was at least 13 years old and the offender was not more than 4 years older than the victim”).
Appellant argues that the court’s finding that his sexual conduct with the victim was not consensual is not supported by competent, substantial evidence because the PSI constituted hearsay and lacked corroborating evidence. We agree. The language of section 943.04354(3)(b), Florida Statutes (2011), suggests that a hearing should be held:
(b) A person may petition the court in which the sentence or disposition for the violation of ... 800.04 ... occurred for removal of the requirement to register as a sexual offender or sexual predator. The person must allege in the petition that he or she meets the criteria in subsection (1) and removal of the registration requirement will not conflict with federal law. The state attorney must be given notice of the petition at least 21 days before the hearing on the petition and may present evidence in opposition to the requested relief or may otherwise demonstrate why the petition should be denied. The court shall rule on the petition and, if the court determines the person meets the criteria in subsection (1) and removal of the registration requirement will not conflict with federal law, it may grant the petition and order the removal of the registration requirement. If the court denies the petition, the person is not authorized under this section to file any further petition for removal of the registration requirement.
(Emphasis added). Although a hearing might not be required under circumstances where the record contains no dispute on the issue of consent, here, the record does not reflect that Appellant agreed that the PSI could be considered as evidence. Nor did Appellant have an opportunity to dispute its contents.
The State alternatively argues that the trial court’s ruling should be affirmed because the court has discretion to deny a request for removal even where a defendant demonstrates that he meets all of the statutory criteria. § 943.04354(3)(b), Fla. *967 Stat. (2011). The State is correct that the trial court has discretion to deny the petition even where a defendant meets all the criteria. That discretion, however, is not unbridled and the court must set forth the basis of its determination. Clark, 95 So.3d at 989.
REVERSED AND REMANDED.
TORPY, EVANDER and JACOBUS, JJ., concur.