PER CURIAM.
Michael Matos appeals the denial of his petition under section 943.04354, Florida Statutes (2011), the so-called “Romeo and Juliet” statute, for removal of the requirement that he register as a sexual offender. The statute allows a defendant to avoid the requirement to register if the victim of certain sexual offenses was between thirteen and eighteen years of age, the defendant was less than four years older than the victim, and the sexual conduct was consensual.[1]
This is the second time. Matos has .appealed the denial of his petition. In Matos v. State (Matos I), 111 So.3d 964, 966-67 (Fla. 5th DCA 2013), we reversed the summary denial of Matos’s petition, ordering the court to conduct an evidentiary hearing. We wrote in that opinion: “Appellant argues that the court’s finding that his sexual conduct with the victim was not consensual is not supported by competent, substantial evidence because the PSI constituted hearsay and lacked corroborating evidence. We agree.” Id. at 966. On remand, the trial court conducted a series of evidentiary hearings. At the end of the last hearing, the State requested additional time to produce evidence or testimony disputing Matos’s testimony that the sexual conduct for which he was convicted and sentenced was consensual. The trial court effectively denied the State’s request by entering another order denying Matos’s petition. Matos now appeals this order.
The Romeo and Juliet statute creates a two-prong procedure for removing the registration requirement. First, the trial court must find that the offender meets all of the criteria in the statute and that removal would not conflict with federal law. Second, notwithstanding the result under the first prong, the statute gives the trial court discretion to approve or deny the petition. The trial court’s order concedes that, in light of Matos’s testimony — unre-butted by the State as of the last hearing — Matos meets the criteria for relief under the first prong. While this finding is correct, we nevertheless disapprove of the trial judge reintroducing the evidence from the PSI suggesting the acts were not consensual. , Setting out the uncorroborated PSI evidence to rebut Matos’s testimony served no proper purpose, and was the same error this Court addressed in Matos I.
In this current order, though, unlike in Matos I, the trial court also analyzed Ma-tos’s petition under the second, discretionary prong. Section 943.04354(2) specifies that if an offender meets all the criteria for removal,' the court “may grant the motion.” (emphasis added). The statute gives no guidance as to the factors that should be considered by the trial court in exercising ' that discretion. Matos is currently serving a life sentence and has been convicted of several previous violent offenses. We find no abuse of discretion in the trial *1196 court’s determination that Matos is not an appropriate candidate for relief under section 943.04354. Therefore, we affirm.
AFFIRMED.
SAWAYA, COHEN and WALLIS, JJ., concur.

. Section 943.04354(2) specifies that removal from the registry must not conflict with federal law. We have previously held that, in order to comply with federal law, the court must find that the underlying offense was consensual before an offender can be removed from the registry. Miller v. State, 17 So.3d 778, 781 (Fla. 5th DCA 2009).