# Third District Court of Appeal

## State of Florida

Opinion filed November 9, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2848
Lower Tribunal No. 00-25906
_____

**Keith Wromas, Jr.,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Alberto Milian, Judge.

Keith Wromas, Jr., in proper person.

Pamela Jo Bondi, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.

Before WELLS, SHEPHERD and SCALES, JJ.

SHEPHERD, J.

Keith Wromas appeals the denial of his motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800, which in essence was a petition for removal of the requirement to register as a sexual offender under the "Romeo and Juliet Law," section 943.04354 of the Florida Statutes (2016). Because it appears that despite two pro se attempts, the trial court has not exercised its discretion to address the merits of Wromas' petition, we reverse.

On November 7, 2000, Wromas pled guilty to lewd and lascivious battery on a child twelve to sixteen years of age in violation of section 800.04(4), Florida Statutes (1999). The charged offense was eighteen-year-old Wromas' consensual sexual relations with his fifteen-year-old girlfriend, as a result of which the couple conceived a child. Wromas' conviction lead to one year of probation,[1] and automatic designation as a sexual offender for life under section 943.0435, Florida Statutes (1999).

On July 27, 2009, Wromas wrote a letter to the trial judge, requesting to be removed from the sexual offender list under the "Romeo and Juliet Law." Under this law, a sexual offender may petition for removal if the defendant meets certain requirements, including proving that the sexual relationship was consensual between a defendant who is not more than four years older than the victim. The

---

[1] In May of 2002, Wromas admitted violating his probation and was sentenced to three years in prison in the case. As a result of subsequent convictions, Wromas presently is serving an eighteen-year prison sentence.

trial court treated the letter as a petition for removal of Wromas' sexual offender designation, and summarily dismissed the petition on September 9, 2009. Wromas subsequently filed the Rule 3.800 motion, which the trial court denied after receiving the State's response. In its response, in addition to challenging the appropriateness of Rule 3.800 relief, the State argued Wromas' motion should be denied because the statute prohibits more than one request for removal and Wromas' subsequent convictions disqualify him from removal. The order denying the motion does not contain the trial court's reason for denying relief.

The fact that Wromas' motion incorrectly sought relief under Rule 3.800 does not warrant summary denial of Wromas' request for removal of sexual offender designation under the statute. See, e.g., Barrett v. State, 965 So. 2d 1260, 1261 (Fla. 2d DCA 2007) ("Article V, section 2(a) of the Florida Constitution requires that no cause be dismissed because an improper remedy has been sought. Accordingly, the trial court should have considered whether Barrett had alleged sufficient facts to warrant relief and, if so, treated his motion as if the proper remedy had been sought."). Just as it did with Wromas' 2009 letter, the trial court should have treated the Rule 3.800 motion as a petition for removal of the sexual offender designation.

Although the statute provides for only one petition, the summary denial of Wromas' 2009 request for removal of designation also does not preclude

3

considering his most recent request. § 943.04354(2)(b) ("If the court denies the motion, the person is not authorized under this section to file another motion for removal of the registration requirement."). The 2009 request was summarily denied without a hearing or participation from the State. Thus, it would seem the court found Wromas' letter to be facially insufficient and did not consider the merits of the petition. See Horton v. State, 127 So. 3d 825 (Fla. 2d DCA 2013) (affirming the dismissal of petition for removal of the sexual offender designation as facially insufficient, but indicating defendant was not barred from filing a facially sufficient petition). As our sister court concluded in Martinez v. State, 111 So. 3d 915, 918 (Fla. 2d DCA 2013), a defendant is entitled to have his petition considered "where the trial court knows that the statute applies and, thus, can exercise its discretion to either grant or deny relief."

Finally, the trial court's failure to reveal its reason for denying relief also prevents affirmance based on Wromas' subsequent criminal record. A trial court may, within its discretion, deny a petition for removal of a sexual offender designation because of the defendant's criminal record. See Matos v. State, 184 So. 3d 1194 (Fla. 5th DCA 2015). However, the record must show that the trial court exercised its discretion in so ruling. Id. at 1195-96 ("In this current order, though, unlike in *Matos I*, the trial court also analyzed Matos's petition under the second, discretionary prong. . . . Matos is currently serving a life sentence and has

4

been convicted of several previous violent offenses."). In this case, we are unable to determine whether the trial court properly exercised its discretion to deny Wromas' petition for this reason.

Accordingly, we reverse the denial of Wromas' petition for removal of the sexual offender designation and the concurrent registration requirement, and remand for the trial court to consider whether Wromas is entitled to relief given the circumstances in this case.

Reversed and remanded for further proceedings.