# Third District Court of Appeal
## State of Florida

Opinion filed February 14, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2782
Lower Tribunal No. 00-25906
_____

**Keith Wromas, Jr.,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Alberto Milian, Judge.

Keith Wromas, Jr., in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before ROTHENBERG, C.J., and SALTER and SCALES, JJ.

ROTHENBERG, C.J.

Keith Wromas, Jr. ("the defendant") appeals the trial court's order denying his motion to correct an illegal sentence, which the trial court treated as a petition for removal from the sex offender registry. We affirm.

The defendant was convicted of lewd and lascivious battery on a child between the age of twelve and sixteen years, in violation of section 800.04(4), Florida Statutes (2000). Section 943.0435, Florida Statutes (2000), requires that all offenders convicted of committing certain offenses, including lewd and lascivious battery on a child between the age of twelve and sixteen years under section 800.04(4), be registered as sexual offenders. The defendant's sentence is therefore not illegal. We also conclude that, although the defendant met the requirements specified under section 943.04354, Florida Statutes (2015), which permits persons convicted of one of the enumerated sexual offenses to petition for removal from the sex offender registry, the trial court did not abuse its discretion by determining that the defendant was not an appropriate candidate for relief under section 943.04354.

In 2000, the defendant was convicted of lewd and lascivious battery on a child between twelve and sixteen years of age, in violation of section 800.04(4), which required that the defendant be registered as a sexual offender. Although the defendant was initially placed on probation for this offense, he violated his probation in 2001 by committing new offenses. Thereafter, the defendant pled

2

guilty to the sale of cocaine within 1,000 feet of a school or church and trespass in case number F01-9129; he admitted to violating his probation in the instant case; he was sentenced to concurrent three-year prison sentences in both cases; and his probation was revoked.

In 2009, the defendant was arrested for committing various offenses, which resulted in convictions for resisting an officer with violence, battery on a law enforcement officer, possession of burglary tools, and burglary of a structure using a vehicle as an instrumentality (a first degree felony punishable by life imprisonment) in case number F09-19928(A), and the imposition of an eighteen-year prison sentence.

In 2015, the defendant filed the instant motion to correct an illegal sentence based on the sexual offender recordation in the instant case. Noting that the defendant's sentence was clearly not illegal, the trial court treated the defendant's motion as a petition for removal from the sex offender registry.

Section 943.04354 specifies the criteria necessary to be eligible for consideration for removal from the sex offender registry. The trial court correctly determined that the defendant met the criteria outlined in the statute, but declined to lift the sex offender registry requirement based on the defendant's extensive criminal history, convictions for committing numerous violent offenses, the violation of the defendant's probation in the instant case, and the fact that the

3

defendant is currently serving an eighteen-year prison sentence for violent offenses.  Because the decision whether to grant a petition for removal from the sex offender registry filed by an offender who meets the criteria under the statute is discretionary, see § 943.04354(2) (providing that if a defendant meets the criteria for removal, "[the court] **may** grant the motion") (emphasis added); Matos v. State, 184 So. 3d 1194, 1195 (Fla. 5th DCA 2015), and because the record supports the trial court's findings, we find no abuse of discretion.  Accordingly, we affirm the order on review.

Affirmed.