STATE v. FAULK

[200 N.C. App. 118 (2009)]

Reversed.

Judges BRYANT and STEPHENS concur.

———————————

STATE OF NORTH CAROLINA v. CHARLES JEROME FAULK, Defendant

No. COA09-148

(Filed 15 September 2009)

**Rape; Sexual Offenses— statutory rape—statutory sexual offense—birthday rule—motion to dismiss improperly granted**

The trial court erred by granting defendant's motion to dismiss the charges of statutory rape and statutory sexual offense under N.C.G.S. § 14-27.7A(b) because the trial court incorrectly applied the birthday rule resulting in the improper calculation of the victim's age.

Appeal by the State from order entered 31 October 2008 by Judge Thomas H. Lock in Columbus County Superior Court. Heard in the Court of Appeals 11 June 2009.

*Attorney General Roy Cooper, by Assistant Attorney General Chris Z. Sinha, for the State.*

*Scott C. Dorman for defendant.*

ELMORE, Judge.

The State appeals from the trial court's grant of a motion to dismiss charges of statutory rape and statutory sexual offense against Charles Jerome Faulk (defendant). Because the trial court incorrectly applied the law, we reverse.

On 10 April 2008, defendant was indicted for statutory rape of a person who is 13, 14, or 15 years old; statutory sexual offense of a person who is 13, 14, or 15 years old; and second degree kidnapping stemming from an incident between defendant and a minor on 14 January 2007. The parties stipulated that defendant's date of birth was 9 June 1987 and the victim's birthday was 6 November 1991, making their respective ages on the date of the incident 19 years, 7 months, and 5 days old for defendant and 15 years, 2 months, and 8

**STATE v. FAULK**

[200 N.C. App. 118 (2009)]

days old for the alleged victim. Before any evidence was presented to the trial court, defendant made a motion to dismiss the charges, arguing that the State could not prove one of the elements of N.C. Gen. Stat. § 14-27.7A(b), under which the two sexual offense charges were brought. Specifically, he argued:

> 5. The crime for which the defendant is charged has an age requirement that states that the Defendant must be more than 4 years older than the victim.
>
> 6. If you count the number of days between the victim's DOB and the Defendant's DOB, and divide by 365 and one quarter, you get 4 years and 5 months. If you apply the birthday rule as stated in State v. Moore, 167 NC App 495 [*sic*], then the Defendant is four years older than the victim, not more than four.

The court issued an order granting the motion and stating as follows:

> 2. The statute has the language which states that for this to be a crime that the Defendant must be "more than 4 but less than six years older" than the victim.
>
> 3. That the Court and the attorneys for the parties could find no case law concerning the application of what "more than 4" means, with regard to this section of the statute.
>
> 4. That the Court of Appeals has ruled in the same statute that the "Birthday Rule" applies when calculating the age of the victim "where the victim is age 13, 14, or 15 years old", in that when a person turns 15 years old, that they are 15 years old until they turn 16 years old.
>
> 5. That if you count the number of days between the defendant's birthday and the victim's birthday and divide by 365, you get 4 with a remainder of 147 days. This is the method the State feels should govern, and it makes the Defendant 4 years and 4 months and 27 days older than the Victim.
>
> 6. If you apply the Birthday Rule as found in North Carolina case law, then the Defendant is 19 and the Victim is 15, and that is 4 years apart, not more than 4 years.
>
> 7. That since the Court of Appeals has used the Birthday Rule in calculating the age of the victim for the purposes of "13, 14, or 15" in the same statute, the Birthday Rule should be applied to the age difference between the Defendant and the Victim.

The court concludes by ordering:

> 1. The Birthday Rule should be applied when calculating the differences in age for the purposes of the Statutory Sex crimes in this case.
>
> 2. That when the Court uses the Birthday Rule in applying the age differences in this case, it finds that the Defendant is not more than 4 years older than the Victim.
>
> 3. Since the Defendant is not more than 4 years older than the Defendant, the Defendant cannot be guilty of the crime.
>
> 4. [The counts of statutory rape and statutory sexual assault] of the indictment in Columbus County 07 CRS 50286 are thereby dismissed.

The State argues that the trial court misconstrued and misapplied the Birthday Rule and the statute. We agree.

The case referenced and relied on by the court in its order is *State v. Moore*, 167 N.C. App. 495, 606 S.E.2d 127 (2004). *Moore* also concerned the issue of measuring age as applied to statutory rape charges. There, this Court stated:

> Under the "birthday rule," a person reaches a certain age on her birthday and remains that age until her next birthday. Applying this rule, [the victim] reached the age of fifteen on 25 June 2001, which was her birthday (anniversary of her birth) and remained fifteen until 25 June 2002. Thus, she was fifteen for the purposes of N.C.G.S. § 14-27.7A on 27 June 2001 when she and defendant had sexual intercourse.

*Id.* at 504, 606 S.E.2d at 133 (citation omitted). Thus, for the purpose of the statute, to determine a person's chronological age, one takes the date of the offense and subtracts the date of birth. In this case, then, the relevant ages are 19 years, 7 months, and 5 days for defendant, and 15 years, 2 months, and 8 days for the victim. Per *Moore*, then, the victim is considered 15 years old. The court came to the same conclusion regarding the parties' respective ages, though it rounded both ages down to whole years, describing defendant as 19 and the victim as 15. This was likely rooted in another statement in *Moore*—specifically, "the fair meaning of '15 years old['] . . . includes children during their fifteenth year, until they have reached their sixteenth birthday." *Id.* at 503, 606 S.E.2d at 132 (citation and quota-

tions omitted). Thus, in terms of calculating a person's age for the purpose of this statute, the victim is fifteen years old until her sixteenth birthday—that is, she is considered fifteen years old until she turns sixteen years old on her next birthday. In that sense, *Moore* is applicable to the case at hand.

However, unlike defendant in the case at hand, the defendant in *Moore* was charged with violating N.C. Gen. Stat. § 14-27.7A(a). Defendant here is charged with violating N.C. Gen. Stat. § 14-27.7A(b). The two parts of the statute read:

(a) A defendant is guilty of a Class B1 felony if the defendant engages in vaginal intercourse or a sexual act with another person who is 13, 14, or 15 years old and the defendant is at least six years older than the person, except when the defendant is lawfully married to the person.

(b) A defendant is guilty of a Class C felony if the defendant engages in vaginal intercourse or a sexual act with another person who is 13, 14, or 15 years old *and the defendant is more than four but less than six years older than the person*, except when the defendant is lawfully married to the person.

N.C. Gen. Stat. § 14-27.7A (2007) (emphasis added).

Where the trial court erred was in applying the reasoning of *Moore* used to calculate the age of the victim to the calculation of time in part (b). That is, both defendant and the trial court calculated the portion of the statute that states "more than four but less than six years older" in the same way that *Moore* calculates age: just as the victim is fifteen years old until she is sixteen years old, the difference in ages is four years until it is exactly five years. This is a misapplication of the Birthday Rule in *Moore*. The distinction is that the emphasized portion of part (b) above requires a calculation of *time*, not of *age*. Thus, the logical interpretation is that it means four years and zero days to six years and zero days, or anywhere in the range of 1460 days to 2190 days. As the State notes, interpreting it as defendant does would mean, in essence, that "four to six years" means "five years." Neither our legislature nor this Court deals only in whole integers of years, and, as such, this argument must fail. So too does defendant's argument that a plain language analysis of the statute requires this Court to consider the everyday conversational meaning of age differences—that is, if one's sibling were 21 months older, the person would say "my brother is two years older than I am," even

**STATE v. FAULK**

[200 N.C. App. 118 (2009)]

though that is not technically true. It seems hardly necessary to state that the rules of polite conversation are less technical and rigorous than statutes via which our General Assembly creates class C felonies. Defendant's argument on this point fails.

Because we reverse the trial court's order on this point, we do not address the State's other arguments.

Reversed and remanded.

Judges BRYANT and CALABRIA concur.