SHEPHERD, J.
The appellee, Robert Marcel, pled nolo contendere to the offense of unlawfully and intentionally touching a person under sixteen years of age in a lewd or lascivious manner, in violation of section 800.04(6)(c), Florida Statutes (2001). Marcel was eighteen-years old at the time of the offense, and the victim fourteen-years old. The trial court withheld adjudication and sentenced Marcel to three-years probation. As a consequence of plea, Marcel automatically was designated a sexual offender, subject to lifetime registration and reporting requirements contained in section 943.0435, Florida Statutes (2001). .
Seven years after the offense, the Florida Legislature added section 943.04354 to the Florida Statutes, providing an exception to the stigma of sex offender registration for consensual conduct by young people who satisfy certain specific conditions — -so-called “Romeo and Juliet offenders.” See § 943.04354, Fla. Stat. (2007); Miller v. State, 17 So.3d 778, 781 (Fla. 5th DCA 2009). One of the criteria for relief is that the defendant be “not more than [four] years older than the victim of th[e] violation who was [fourteen] years of age or older but not more than [seventeen] years of age at the time the person committed th[e] violation.” § 943.04354(l)(c), Fla. Stat. (2007). The trial court in this case found this condition was met and granted relief to Marcel. The State seeks reversal on the ground the trial court erred in its finding that this criteria was satisfied. For the reasons stated below, we agree with the State.
The disagreement in this case revolves around the application of the phrase “not more than” in section 943.04354(l)(c) of the Florida Statutes. At the time of the violation in this case, Marcel was four years, three months, and eight days older than the victim. The State argues Marcel fails to meet the criteria for removal from registration under the statute because he is “more than” four years older than the victim. Marcel argues, and the trial court agreed, months and days should not be counted when determining the difference in age, rather the “completed years of life” should be considered. Under this interpretation of what is called the “birthday rule,” a defendant would not be more than four years older than the victim until the person was five years older. On this analysis, Marcel would satisfy the condition we are called upon to interpret until he reached his nineteenth birthday.
Marcel has not brought- to our attention any case to support the use of his proposed interpretive rule in this case. Our ovm research has revealed the rule is used only in computing age, when required by a statute, but not in calculating time, as the legislative enactment in this case requires. See State v. Moore, 167 N.C.App. 495, 606 S.E.2d 127 (2004) (statutory rape statute encompassing victims “who [are] [thirteen, fourteen, or fifteen] years old” includes victim who was fifteen-years and two-days-old); see also State v. Yarger, 181 Ohio App.3d 132, 908 N.E.2d 462 (2009) (holding that a defendant was an “adult” under statute defining “adult” as “an individual who is eighteen years of age or older” even though he was about eight hours short of his birth time at the time of the offense); People v. Anderson, 108 Ill.App.3d 563, 64 Ill.Dec. 136, 439 N.E.2d 65 (1982) (finding that a defendant who shot victim on his birthday, but was approximately seven hours short of his birth time at the time of the crime was nevertheless seventeen-years old for purposes of being charged as an adult). These cases are distinguishable on their face from the case before us.
*1225 The argument made by Marcel also contravenes the plain language of the statute. The Legislature expressly limited eligibility under the statute to persons “not more than 4 years older than the victim.” The word “more” is a common term and commonly understood to mean “greater” or “of a larger quantity or amount.” Webster’s 3d New Int’l Dictionary 1469 (1993). The phrase is uncomplicated, and no canons of construction are necessary to its interpretation. See Koile v. State, 934 So.2d 1226, 1230-31 (Fla.2006) (stating that where a statute is clear on its face, “courts will not look behind the statute’s plain language for legislative intent or resort to rules of statutory construction to ascertain intent” (quoting Daniels v. Fla. Dep’t of Health, 898 So.2d 61, 64-65 (Fla.2005))). If a defendant is one day past the four-year eligibility limit prescribed by section 943.04354 of the Florida Statutes, he is ineligible to petition for relief. Marcel and the victim in our case were four years, three months, and eight days apart in age on the date of the offense. This clearly is “greater” or “of a larger amount” than four years. Marcel does not meet the temporal eligibility condition necessary to pretermit his registration obligations under section 943.0435 of the Florida Statutes.
States outside of Florida also have enacted laws similar to the Romeo and Juliet Law. Of particular note is State v. Faulk, 200 N.C.App. 118, 683 S.E.2d 265 (2009), where at issue was a statutory rape statute requiring a defendant to be more than four years older than the victim. Applying the birthday rule, the defendant argued he was only four years older than his victim, since he was nineteen-years old and she was fifteen-years old at the time of the violation. Id. at 266. The appellate court disagreed, and held the defendant was more than four years older than his victim when the difference in age between them was four years and five months. Id. at 267. In reaching its ruling, the court emphasized the distinction between calculating age — in which the birthday rule could be applied — and calculating time — in which a more precise calculation was required. Id. Similarly, in State v. Jason B., 248 Conn. 543, 729 A.2d 760 (1998), the Connecticut Supreme Court determined that a juvenile sex offender was more than two years older than his fourteen-year-old victim where the age difference between them was two years, three months, and seven days. The court reasoned that “common sense dictates that in comparing the relative ages of individuals, the difference in their ages is determined by reference to their respective birth dates.” Id. at 767.
Finally, the defendant’s plea for application of the rule of lenity is not availing. “The touchstone of the rule of lenity is statutory ambiguity.” Moskal v. United States, 498 U.S. 103, 107, 111 S.Ct. 461, 112 L.Ed.2d 449 (1990). As we already have stated, there is no ambiguity in the statutory language we are called upon to consider in the case before us. As Justice Oliver Wendell Holmes concluded over one hundred years ago, “[wjhatever the consequences, we must accept the plain meaning of plain words.” United States v. Brown, 206 U.S. 240, 244, 27 S.Ct. 620, 51 L.Ed. 1046 (1907).
Accordingly, we reverse the trial court order granting removal from the sex offender registry, with directions to deny the petition.