PALMER, J.
The State of Florida appeals the trial court’s order granting Julius Samuels’ motion to remove the sentencing requirement that he register as a sex offender. Determining that the trial court erred in granting the motion, we reverse.
Samuels pled nolo contendere to one count of committing a lewd and lascivious battery on a child 12 years of age or older but less than 16 years of age, in violation of section 800.04(4)(a), Florida Statutes (2009). He was sentenced to a term of thirty months in the Department of Corrections and was required to register as a sex offender pursuant to section 943.0435 of the Florida Statutes (2009).
Samuels filed a motion pursuant to rule 3.180(a) of the Florida Rules of Criminal Procedure arguing that he is exempt from the sexual offender registration requirement under section 943.04354 of the Florida Statutes (2009), commonly referred to as Florida’s Romeo and Juliet law. The statute provides:
943.04354 Removal of the requirement to register as a sexual offender or sexual predator in special circumstances.—
(1) For purposes of this section, a person shall be considered for removal of the requirement to register as a sexual offender or sexual predator only if the person:
(a) Was or will be convicted or adjudicated delinquent of a violation of s. 794.011, s. 800.04, s. 827.071, or s. 847.0135(5) or the person committed a violation of s. 794.011, s. 800.04, s. 827.071, or s. 847.0135(5) for which adjudication of guilt was or will be withheld, and the person does not have any other conviction, adjudication of delinquency, or withhold of adjudication of guilt for a violation of s. 794.011, s. 800.04, s. 827.071, or s. 847.0135(5);
(b) Is required to register as a sexual offender or sexual predator solely on the basis of this violation; and
(c) Is not more than U years older than the victim of this violation who was H years of age or older but not more than 17 years of age at the time the person committed this violation.
(Emphasis added).
The trial court granted the motion, concluding that Samuels had demonstrated that section 943.04354 was applicable to his case since the victim was 14 years old and Samuels was 18 years old at the time of the offense. We disagree. The information in this case shows that the actual difference in age between Samuel and the victim at the time of the offense was four years, one month, and 21 days. “If a defendant is one day past the four-year eligibility limit prescribed by section 943.04354 of the Florida Statutes, he is 00ineligible to petition for relief.” State v. Marcel, 67 So.3d 1223, 1225 (Fla. 3d DCA *1111 2011) (citing State v. Faulk, 200 N.C.App. 118, 683 S.E.2d 265 (2009)).
Accordingly, we reverse the trial court’s order and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
MONACO and JACOBUS, JJ., concur.