SILBERMAN, Chief Judge.
The State seeks common law certiorari review of the circuit court’s order that grants Jeremy Wade Welch’s petition for removal of the requirement to register as a sexual offender. We grant the State’s petition for writ of certiorari and quash the circuit court’s order.
Welch was charged with the second-degree felony of lewd or lascivious battery on a female under sixteen years of age, occurring on or between December 13, 1999, and March 31, 2000. The probable cause affidavit indicates that the victim stated that she had consensual sex with Welch, that she became pregnant, and that she was fourteen and Welch was eighteen at the time of conception. Welch and the victim were in a b oyfr iend/girlfriend relationship. Welch admitted to having consensual sexual intercourse with the victim six times and that he knew she was fourteen. As a result of the relationship, the victim gave birth to a baby. Welch entered a guilty plea, and on March 6, 2001, the trial court placed Welch on ten years’ probation and declared him a sexual offender.
On April 14, 2011, Welch filed a petition for removal of the requirement to register as a sexual offender pursuant to section 943.04354, Florida Statutes (2010). The circuit court conducted a hearing on the petition. Welch argued that since the time of the offense he married and had two children with his wife. He completed sex offender treatment as required by his probation, and he now has unsupervised contact with the children from his marriage. Welch requested that the court exercise its discretion and remove him from the sex offender registry.
The State acknowledged that the offense dealt with “consensual” conduct. However, the State argued that Welch did not meet one of the requirements of the statute to allow the circuit court to exercise its discretion. Section 943.04354 provides as follows:
(1) For purposes of this section, a person shall be considered for removal of the requirement to register as a sexual offender or sexual predator only if the person:
[[Image here]]
(c) Is not more than 4 years older than the victim of this violation who was 14 years of age or older but not more than 17 years of age at the time the person committed this violation.
The State argued that Welch is more than four years older than the victim. Welch’s date of birth is March 30, 1981, and the victim’s date of birth is June 19, 1985. Thus, Welch is four years, two months, and twenty days older than the victim.
The circuit court granted Welch’s petition on the reasoning that from the “strict ages at the time, 18 and 14, that’s four years.” The circuit court warned Welch that the prosecutor was “probably correct and if the District Court of Appeal looks at this they’ll probably rule that I’m wrong because you’re more than four calendar years.” The circuit court stated that it was being “equitable under the circumstances of what’s happened in the last ten years.”
The State filed a notice of appeal, and this court entered an order directing the State to identify the provision of law or of Florida Rule of Appellate Procedure 9.140 that authorized the appeal. The State responded and filed a motion requesting to convert the proceeding to an original proceeding seeking certiorari review. This court entered an order converting the proceeding to one in certiorari.
“To obtain common law certiora-ri relief, a petitioner must show that there has been a departure from the essential requirements of law that causes material *634 and irreparable harm.” Gonzalez v. State, 15 So.3d 37, 39 (Fla. 2d DCA 2009). The requirements of material harm and the lack of a remedy on appeal are jurisdictional. Id. Irreparable harm is present because the State has no remedy by appeal. See Fla. R.App. P. 9.140(c) (listing the orders from which the State may take an appeal). And the failure to review this type of case causes material harm to the State when a sexual offender is improperly relieved of the registration requirement. The State argues that the correct interpretation of the statute is necessary to ensure uniform application of the law. We conclude that the jurisdictional requirement is satisfied.
With respect to whether the State has shown a departure from the essential requirements of law, this element, “alternatively referred to as a violation of clearly established law, can be shown by a misapplication of the plain language in a statute.” Id. (citing Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885 (Fla.2003)). The statute at issue here plainly states that the defendant shall be considered for removal from the registry only if the offender “[i]s not more than 4 years older than the victim of this violation.” § 943.04354(l)(c). Welch is more than four years older than the victim because he is four years, two months, and twenty days older than the victim. See State v. Marcel, 67 So.3d 1223, 1225 (Fla. 3d DCA 2011) (determining that the defendant did not meet the requirement of section 943.04354(l)(c) when he was four years, three months, and eight days older than the victim); State v. Samuels, 76 So.3d 1109, 1110 (Fla. 5th DCA 2011) (determining that the defendant did not meet the requirement of section 943.04354(l)(c) when he was four years, one month, and twenty-one days older than the victim).
We recognize that both Marcel and Samuels were decided after the circuit court made its ruling in this case. However, the court in Marcel stated that the dispute centered on the meaning of the phrase “not more than” in the statute. 67 So.3d at 1224. The statute expressly applies “to persons ‘not more than 4 years older than the victim.’ ” Id. at 1225. The court stated that “[t]he phrase is uncomplicated, and no canons of construction are necessary to its interpretation.” Id. The court determined that Marcel’s interpretation “contravene[d] the plain language of the statute.” Id.
Because Welch is more than four years older than the victim, the circuit court departed from the essential requirements of the law in granting Welch’s petition to remove the requirement to register as a sexual offender. Therefore, we grant the petition for writ of certiorari and quash the circuit court’s order.
Petition granted and order quashed.
WHATLEY, J., Concurs.
MORRIS, J., Concurs specially.