PER CURIAM.
The State seeks certiorari review of the circuit court order entered on April 23, 2012, which found that Gregory Randel Whitt’s name should be removed from the Florida Department of Law Enforcement (“FDLE”) Sexual Offender Registry. We find that the court departed from the es *1126 sential requirements of law and quash the order.
In February 1997, Whitt pled no contest to a lewd act on a child. Adjudication of guilt was withheld and he was sentenced to six months community control to be followed by four years probation. Thereafter, Whitt was charged with violating the terms of his community control/probation and, in March 2001, he was adjudicated guilty of the underlying crime and sentenced to nine months in the county jail. At some point after this conviction and sentence, FDLE advised Whitt that he is classified as a sexual offender and is required to register pursuant to section 943.0435, Florida Statutes. FDLE also informed him that the registry restrictions imposed by section 794.065, Florida Statutes, are applicable to him.
Whitt subsequently filed a motion to declare section 794.065, Florida Statutes, inapplicable as it pertains to him and a motion to declare section 943.0435, Florida Statutes, unconstitutional as it pertains to him. On April 23, 2012, the court entered the order under review and concluded that the registry restrictions of 794.065, Florida Statutes (2004), were inapplicable to Whitt because section 794.065(2) specifically states that the statute applies to offenses that occur on or after October 1, 2004. Whitt’s offense occurred in March 1996. The court also ruled that section 943.0435, Florida Statutes (1997), requires sexual offenders to register with the Department of Law Enforcement. However, this statute did not take effect until October 1, 1997, approximately eight months after Whitt entered his plea. The court noted that Whitt was not designated a sexual offender at the time he entered his plea or at the time he was sentenced after admitting his violation of community control/probation. The court held that since Whitt could not be designated a sexual offender at the time of his offense or at the time of his plea, FDLE had no authority to require him to submit to the registration requirements imposed on sexual offenders under section 943.0435. The order under review did not actually remove the sexual offender designation, and it merely “clarified” the law and advised Whitt to present the order to FDLE so that his name could be removed from the Sexual Offender Registry. The court further advised Whitt that if FDLE refused to remove the restrictions and requirements imposed upon him, his proper recourse would be to bring suit against FLDE in Leon County, Florida, in an effort to obtain relief.
The circuit court admitted that the requirement that Whitt register as a sexual offender was unrelated to his sentence and was a collateral consequence of his judgment and sentence. In criminal cases, the circuit court primarily has postconviction jurisdiction to review motions filed pursuant to Florida Rules of Criminal Procedure 3.800(a) and 3.850.[1] Because the sexual offender designation was not part of the plea or sentence, the circuit court did not have postconviction jurisdiction to consider this matter. Cf. State v. Partlow, 840 So.2d 1040, 1042-43 (Fla.2003) (sexual offender registration requirement is a collateral consequence of defendant’s plea and the registration requirement has no effect on the range of defendant’s punishment for the crime). Accordingly, the circuit court departed from the essential requirements of law when it decided whether FDLE properly classified Whitt as a sexual offender. Therefore, the petition for certio- *1127 rari is granted and the April 23, 2012, order is quashed.
PETITION GRANTED, ORDER QUASHED.
ORFINGER, C.J., TORPY and JACOBUS, JJ., concur.

. This action was not filed pursuant to either section 943.04354, Florida Statutes (2012), or section 943.0435(11), Florida Statutes (2012).