SAWAYA, J.
Rudolfo Caragol was convicted in 2002 of lewd or lascivious battery on a person over twelve but less than sixteen years of age in violation of section 800.04(4)(a), Florida Statutes (2001). This conviction necessitated his registration as a sexual offender for life. § 943.0435, Fla. Stat. (2001). Ten years later, he petitioned to have that registration requirement removed pursuant to section 943.04354(3)(b), Florida Statutes (2012), which requires, among other things, that Caragol be no more than four years older than the victim, who must have been fourteen years of age but not older than seventeen years of age at the time of the offense. §§ 943.04354(l)(c), (3)(b), Fla. Stat. (2012). The trial court rendered an order granting Caragol’s petition and the State filed its Petition for Writ of Certiorari seeking review of that order. The question presented is whether the statutory age requirement was established by Caragol.
This case is emblematic of a societal problem we see too often that occurs when individuals, who are far too young, become entangled in the tender affairs of the heart only to discover later the unforeseen consequences of their intimate relationship. The consequences were particularly dire for Caragol, who revealed that he never foresaw that his sexual escapades with his younger lover (the victim) would entangle him in the criminal justice system. According to the State, the younger lover (born May 29, 1988) was a freshman in high school and thirteen-years-old at the time of the offense, and Caragol (born November 19, 1982) was a senior and over the age of eighteen. When this relationship was discovered, Caragol was charged with the crime previously mentioned, which was alleged by the State to have occurred July 15, 2001, through January 15, 2002. He entered a plea and was sentenced to thirteen months in prison followed by four years of sexual offender probation. As an aside, Caragol subsequently violated his probation when he committed a new law violation and was sentenced to four years in prison followed by five years of administrative probation.
The Legislature enacted section 943.04354, Florida Statutes (in 2007, which makes it a relatively new enactment), in apparent recognition of the rather harsh *643 consequences that often result from compliance with the sexual offender registration requirements. This statute allows certain defendants to free themselves from the stigma and burdens associated with that designation provided they establish the statutory criteria have been met. Therefore, to avail himself of the statute’s removal provisions, Caragol was required to allege (in a properly filed petition) and establish enumerated statutory criteria that includes the age requirements concerning himself and the victim. See § 943.04354(l)(c), Fla. Stat. (2012) (requiring the defendant to allege and establish that he “[i]s not more than 4 years older than the victim of this violation who was 14 years of age or older but not more than 17 years of age at the time the person committed this violation.”); § 943.04354(3)(b), Fla. Stat. (2012) (requiring a petition be filed alleging that all of the requirements of subsection one of the statute are met). We specifically address the age criterion to the exclusion of the others because it constitutes the contested issue between the parties.
An evidentiary hearing was held pursuant to section 943.04354(3)(b), and the order granting Caragol’s petition was rendered. Analysis is somewhat hampered because the order is terse and cryptic, revealing no explanation or basis for the trial court’s decision. If the trial court does not provide an order with findings, it will be necessary for this court to resort to the transcript to determine the propriety of the decision. See Matos v. State, 111 So.3d 964, 967 (Fla. 5th DCA 2013) (“[T]he court must set forth the basis of its determination.” (citing Clark v. State, 95 So.3d 986, 989 (Fla. 2d DCA 2012) (“When a statute provides no guidelines to assure that trial courts render similar results in similar cases, it is more important for trial courts to explain their reasoning.”))).
The transcript reveals that Caragol spent most of the hearing bemoaning the hardships he has endured as a result of his conviction. The transcript also reveals that Caragol misrepresented to the court that he was seventeen years old at the time of the offense, despite having previously alleged in his petition that it is “undisputed” his date of birth is November 19, 1982, “making him between 18 and 19 at the time of the offense dates” (remember the Information alleged the offense occurred July 15, 2001, through January 15, 2002). Caragol never introduced evidence of the victim’s age or date of birth, arguing instead that because the Information alleged that the victim was between twelve and fourteen (the Information alleged an age range of over twelve but less than sixteen), it was possible she was over the age of fourteen at the time of the offense and that there was no more than a four-year age gap between her and Caragol. Apparently concluding, and we think correctly so, that this sort of speculation and conjecture is not competent, substantial evidence to establish the victim’s age, see Matos, 111 So.3d at 966 (holding that the finding that defendant’s “sexual conduct with the victim was not consensual is not supported by competent, substantial evidence”), the trial court acknowledged, when pressed by the State, that the age criterion had not been established. The trial court nevertheless granted the petition and gave the following explanation for its ruling:
This is one of the most perplexing fields judges have to work with and that’s the application of the habitual sexual offender registration law. We’re well aware of the oftentimes insurmountable burden it places on someone to have to register with it and we’re always faced with whether the factual circumstances facing us are really the circumstances that the statute was intended to protect society *644 from. I am not persuaded that the circumstances in this case are best served by requiring him to function as a registered sex offender. I’m going to grant the motion.
Our certiorari review requires that we determine whether granting Caragol’s petition based on this rationale constitutes a departure from the essential requirements of the law resulting in a miscarriage of justice.[1] See State v. Welch, 94 So.3d 631 (Fla. 2d DCA 2012).
The age criterion is one of several statutory requirements that must be established in order to bestow on the trial court the discretion to remove the offender registration requirement. See § 943.04354(3)(b), Fla. Stat. (2012) (“The court shall rule on the petition and, if the court determines the person meets the criteria in subsection (1) and removal of the registration requirement will not conflict with federal law, it may grant the petition and order the removal of the registration requirement.” (emphasis added)); Vann v. State, 99 So.3d 633, 633 (Fla. 1st DCA 2012) (“In order to qualify for removal of the registration requirement, appellant had to establish he was ‘not more than 4 years older than the victim’ pursuant to section 943.04354(l)(c), Florida Statutes.”); State v. Samuels, 76 So.3d 1109, 1110-11 (Fla. 5th DCA 2011) (determining that the defendant was not entitled to removal because he was four years, one month, and twenty-one days older than the victim and therefore did not meet the requirement of section 943.04354(1)(c)); State v. Marcel, 67 So.3d 1223, 1225 (Fla. 3d DCA 2011) (“If a defendant is one day past the four-year eligibility limit prescribed by section 943.04354 of the Florida Statutes, he is ineligible to petition for relief.”).
Here, the trial court disregarded one of the statutorily-mandated eligibility requirements for removal, instead basing its ruling solely on its belief that the factual circumstances presented before it are not the “circumstances that the statute was intended to protect society from.” The trial court did not have the discretion to remove this designation absent a finding that Caragol qualified under section 943.04354 (and that necessarily included a finding that the age criterion was established). We believe that the order under review constitutes a departure from the essential requirements of the law that results in a miscarriage of justice. See Welch, 94 So.3d at 634 (concluding that the trial court’s order granting the removal petition constituted a departure from the essential requirements of the law resulting in a miscarriage of justice because the trial court misapplied the plain language of the statute and because Welch, who was four years, two months, and twenty days older than the victim, did not qualify for removal of the designation).
While Caragol may present himself as a sympathetic figure who has paid dearly for his youthful indiscretions, and while his plight may be regrettable and unfortunate, this court is bound by precedent and the unambiguous requirements of the statute. For us to accept the reasoning of the trial court as a valid basis for denying the State’s petition would necessarily require that we judicially rewrite the statute and delete one of the statutory criteria the Legislature has made mandatory. This we cannot and will not do. The Petition for *645 Writ of Certiorari is granted and the order under review is quashed.
PETITION GRANTED and ORDER QUASHED.
EVANDER and BERGER, JJ., concur.

. We note an anomaly of sorts that permits a dissatisfied defendant to appeal an order denying a motion under section 943.04354, while the State is required to seek certiorari review of an order granting such a motion. See Fla. R.App. P. 9.140(c) (an order granting a motion under the statute is not included in the list of orders from which the State may take an appeal); State v. Welch, 94 So.3d 631, 633 (Fla. 2d DCA 2012).