J-A32007-17
J-A32008-17

2018 PA Super 105

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TREVOR ALLAN PRICE | : | |
| | : | |
| Appellant | : | No. 307 MDA 2017 |

Appeal from the Judgment of Sentence February 3, 2017
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0001350-2014

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRAVIS ALLEN PRICE | : | |
| | : | |
| Appellant | : | No. 308 MDA 2017 |

Appeal from the Judgment of Sentence February 3, 2017
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0001351-2014

BEFORE:   OTT, J., DUBOW, J., and STRASSBURGER[*], J.

OPINION BY OTT, J.:                                    **FILED MAY 02, 2018**

Trevor Allan Price and Travis Allen Price ("the Price brothers") appeal

from their respective judgments of sentence entered on February 3, 2017, in

_____

[*] Retired Senior Judge assigned to the Superior Court.

the York County Court of Common Pleas.[1]  The trial court imposed a term of six to 23 months' imprisonment with respect to both men, following a joint non-jury trial in which the Price brothers were convicted of statutory sexual assault (4-8 years older).[2]  On appeal, the Price brothers contend:  (1) the trial court abused its discretion when it failed to determine that the Commonwealth could not meet the statutory requirement that the Price brothers were not "four or more years older" than the victim, where such is an element of the offense of statutory sexual assault; and (2) whether the court abused its discretion when it ruled they could not argue the critical factual issue concerning the meaning of the term "four or more years older" to the jury.  *See* Trevor Price's Brief at 6; *see also* Travis Price's Brief at 5. For the reasons below, we vacate the judgments of sentence.

The trial court set forth the factual history regarding Trevor Price as follows:

> [Trevor Price] engaged in sexual intercourse with the victim. Trevor admitted to this conduct.  The victim was born on May 5th, 1998, at 8:16 a.m.  Trevor Price was born on May 5, 1994, at 7:00 p.m.  The first incident occurred in June of 2012 and subsequent instances of sexual contact occurred for the ensuing two years.  It was also stipulated that Trevor was 18 years of age at the time of the first incident.  Additionally, simple arithmetic indicates that the victim, having been born in May of 1998 and the first incident

---

[1]  Based on the nature of the cases and the fact that they raised the same issues on appeal, we have consolidated their appeals *sua sponte*.

[2] *See* 18 Pa.C.S. § 3122.1(a)(1).

- 2 -

occurring in June of 2012, was 14 years old at the time of the first incident.

Trial Court Opinion, 6/2/2017, at 4 (record citations omitted).

With respect to Travis Price, he also admitted that he engaged in sexual intercourse with the same victim on one occasion. *Id.* The incident occurred in August of 2012. *Id.*

> It was also stipulated that Travis was 18 years of age at the time of the incident. Additionally, simple arithmetic indicates that the victim, having been born in May of 1998 and the first incident occurring in August of 2012, was 14 years old at the time of the incident.

*Id.* at 4-5. Both men have been represented by the same counsel throughout these proceedings.

Moreover, the court recited the procedural history of these cases as follows:

> [The Price brothers], who are identical twins, were charged in separate Informations with charges of a sexual nature for separate incidents involving the same victim. Trevor Price was charged with Statutory Sexual Assault,[1] Involuntary Deviate Sexual Intercourse,[2] Aggravated Indecent Assault,[3] Corruption of Minors,[4] and Indecent Assault.[5] Travis [Price] was charged with Statutory Sexual Assault,[6] Aggravated Indecent Assault,[7] Corruption of Minors,[8] and Indecent Assault.[9] Despite the cases being separate, the procedural histories of each case have, befitting twins, marched in lockstep. *Ab initio*, we note that we administered a colloquy to [the Price brothers] regarding their joint representation by their counsel and we were satisfied that they knowingly and voluntarily waived any potential conflict.

---

[1] 18 Pa.C.S.A. [§] 3122.1(a)(1).

[2] 18 Pa.C.S.A. [§] 3123(a)(7).

[3] 18 Pa.C.S.A. [§] 3125(a)(8).

[4] 18 Pa.C.S.A. [§] 6301(a)(1)(ii).

[5] 18 Pa.C.S.A. [§] 3126(a)(8).

[6] 18 Pa.C.S.A. [§] 3122.1(a)(1).

[7] 18 Pa.C.S.A. [§] 3125(a)(8).

[8] 18 Pa.C.S.A. [§] 6301(a)(1)(ii).

[9] 18 Pa.C.S.A. [§] 3126(a)(8).

_____

On July 17, 2014, [the Price brothers] separately filed their Petition for Writ of *Habeas Corpus* and/or Motion to Quash Information. Subsequently, on August 13, 2014, the Commonwealth's Brief in Opposition to Defendant's Petition for Writ of *Habeas Corpus* was docketed. The Commonwealth filed a motion on August 12, 2014 to consolidate the cases for trial, which was denied by this Court on December 1, 2014 as the charges against [the Price brothers] involved two separate incidents and, thus, two separate crimes had been alleged. On December 23, 2014, we reserved our decision on the *habeas corpus* motions. Then, on April 16, 2015, we issued an Order and an Opinion denying [the Price brothers]' motions for *habeas corpus* relief. On December 28, 2015, the Commonwealth filed a Motion *in Limine* seeking to preclude counsel for [the Price brothers] from arguing to a jury the same age-gap theory that had undergirded [the Price brothers]' *habeas corpus* petitions and which this Court had denied. One day later, we granted the Commonwealth's Motion *in Limine*. Then, on January 19, 2016, we received Notice from the Supreme Court of Pennsylvania that [the Price brothers] had submitted Petitions for Writ of Prohibition. These petitions were ultimately denied on May 5, 2016. On February 3, 2017, [the Price brothers] proceeded to a bench trial with each Appellant convicted of Count 1 of their respective Informations for Statutory Sexual Assault with all other counts against the Appellants being

> *nolle prosequid*.   [The Price brothers] proceeded to sentencing immediately following trial and each received a sentence of six to twenty-three months followed by four years of probation and with the attendant costs of prosecution assessed against each of them.

Trial Court Opinion, 6/2/2017, at 2-3. This appeal followed.[3]

Based on the nature of their claims, we will address both issues together.   In their first argument, the Price brothers argue the court "committed an abuse of discretion [as] a matter of law when it denied [their] pre-trial motion for *habeas corpus* relief and instead determined that the Commonwealth could meet its legal statutory requirement to prove that [the Price brothers] w[ere] four (4) years older than the victim."  Trevor Price's Brief at 15, *citing* 18 Pa.C.S. § 3122.1(a)(1); **see also** Travis Price's Brief at 14.  Second, the Price brothers contend the court abused its discretion when it ruled they could not argue the critical factual issue of what "four years older" meant to the jury and the failure to do so "violated [their] constitutional rights under the 6th and 14th Amendments of the United States Constitution and Art. 1, § 9 of the Pennsylvania Constitution (notice and jury trial guarantees)."

---

[3]  On February 22, 2017, the trial court ordered the Price brothers to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  The Price brothers filed a concise statement on March 15, 2017. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on June 2, 2017.

Trevor Price's Brief at at 20 (citation omitted); **see also** Travis Price's Brief at 19.

Our scope and standard of review regarding a *habeas corpus* petition[4] is as follows:

> We review a trial court's grant [or denial] of a pre-trial *habeas corpus* motion *de novo* and our scope of review is plenary. **See Commonwealth v. Dantzler**, 2016 PA Super 59, 135 A.3d 1109, 1112 (Pa. Super. 2016) (*en banc*).
>
> As this Court explained in **Dantzler**:
>
>> A pre-trial *habeas corpus* motion is the proper means for testing whether the Commonwealth has sufficient evidence to establish a *prima facie* case. To demonstrate that a *prima facie* case exists, the Commonwealth must produce evidence of every material element of the charged offense(s) as well as the defendant's complicity therein. To meet its burden, the Commonwealth may utilize the evidence presented at the preliminary hearing and also may submit additional proof.
>
> **Id.** (internal quotation marks and citations omitted).

**Commonwealth v. Carper**, 172 A.3d 613, 620 (Pa. Super. 2017).

> In reviewing a trial court's order granting [or denying] a defendant's petition for writ of *habeas corpus*, we "must generally consider whether the record supports the trial court's findings, and whether the inferences and legal conclusions drawn from those findings are free from error." . . . Notably, the Commonwealth

---

[4] We acknowledge the Price brothers were convicted and sentenced for statutory sexual assault and therefore, the claim could be analyzed pursuant to a sufficiency standard of review. However, their argument centers around the contention that the trial court erred in denying their *habeas corpus* petitions and therefore, the cases should have never gone to trial. As such, we will apply the *habeas corpus* standard of review.

does not have to prove the defendant's guilt beyond a reasonable doubt. Further, the evidence must be considered in the light most favorable to the Commonwealth so that inferences that would support a guilty verdict are given effect.

***Commonwealth v. Santos***, 876 A.2d 360, 363 (Pa. 2005) (citations omitted).

Here, the statute at issue provides, in pertinent part:

**(a)** ***Felony of the second degree.*** **—** Except as provided in section 3121 (relating to rape), a person commits a felony of the second degree when that person engages in sexual intercourse with a complainant to whom the person is not married who is under the age of 16 years and that person is either:

**(1)  four years older** but less than eight years older than the complainant[.]

18 Pa.C.S. § 3122.1(a)(1) (emphasis added).

Turning to the present matter, [the Price brothers] argue that "the crucial wording of the statute refines the basic question to what does 'four years older' mean and is it subject to a determination by a jury?" Trevor Price's Brief at 22; ***see also*** Travis Price's Brief at 21. They contend the language of the statute of is not free from ambiguity and therefore, pursuant to the rule of lenity, the benefit should go to the accused. Trevor Price's Brief at 22-23; ***see also*** Travis Price's Brief at 21-22. Specifically, they state:

It is with this understanding that [Trevor Price] believes that he is less than four years older than the victim. He was born May 5, 1994, at 7:00 p.m. [Travis Price also believes he is less than four years older the victim because he was born on May 5, 1994, at 6:50 p.m.] The victim was born May 5, 1998, at 8:16 a.m.

Accordingly, [they are] 3 years, 364 days, and approximately 10 hours older than the victim. These facts are not disputed. What is disputed is what a "year" means as it relates to its calculation in terms of "days." A "day"[7] is twenty-four (24) hours. These facts, [the Price brothers] contend[], were ambiguous, subject to multiple interpretations as evidenced by both the argument of the prosecution and the decision of the trial court.

_____

[7] According to "BLACK'S LAW DICTIONARY," 9TH Ed., West, 2009- A "day" is any 24-hour period; the time it takes the earth to revolve once on its axis. at p. 453. An "entire day" is [a]n undivided day, rather than parts of two or more days aggregated to form a 24-hour period. An entire day must have a legal, fixed precise time to begin and end. A statute referring to an entire day contemplates a 24-hour period beginning and ending at midnight. **Id.** at p. 454.

Trevor Price's Brief at 23-24; **see also** Travis Price's Brief at 22-23.

The trial court, however, analyzed the issue as follows:

As alluded to *supra*, the victim was under the age of 16 at the time of the incidents by dint of her birthdate being May 5th, 1998 and the incidents in question occurring in 2012. [Trevor and Travis Price] admitted to sexual intercourse with the victim. (N.T., 2/3/17, at 13 and 20.) Marital status aside, the only real issue is whether or not [Trevor and Travis Price] were four years older than the victim at the time of the incident. This question is born of [Trevor and Travis Price] and the victim sharing a birthday separated by four years of time. Yet, as stated by [Trevor and Travis Price's] lawyer, [the Price brothers] are not technically 4 years older than the victim; but, rather, [they] are 3 years, 11 months, 29 days, and approximately 11 hours older than the victim. The age–gap could hardly be more inconvenient for a court to interpret unless reduced to minutes, seconds, and infinitely smaller dissections of time.

Counsel for the Appellants represented to this Court that she could find no relevant case law within Pennsylvania to clarify the issue and we note that neither this Court, nor the Commonwealth,

discovered any such law either. [Trevor and Travis Price] did, however, produce the case of **United States v. Brown, Jr.**, which appears to be on point. 740 F.3d 145 (3d Cir. 2014). In **Brown, Jr.**, the Third Circuit Court of Appeals reviewed a decision by the District Court to withdraw its approval of a Sex Offender Registration and Notification Act - implicated plea where the District Court found that it served the interests of justice to do so because the defendant was 17 and his victim was 13, which the District Court found to fall within a SORNA exception. **Id.**, at 147. As noted by the **Brown, Jr.** court, 42 U.S.C. § 16911(5)(C), "provides that an offense involving consensual sexual conduct is not a sex offense under SORNA as long as the victim 'was at least 13 years old and the offender was not *more* than 4 years older than the victim.'" **Id.**, at 149 (emphasis added). The question was whether Brown, being *between* four and five years older than his victim was truly more than 4 years older where Congress could have defined the differential in terms of months. **Id.**, at 148. Accounting for leap year, the **Brown, Jr.** court concluded that the term "4 years" is quite precisely 1,461 days. **Id.**, at 149 (citing Black's Law Dictionary 1754 (9th ed. 2009)). Thus, "'[m]ore than 4 years' means anything in excess of 1,461 days." **Id.** The **Brown, Jr.** court went on to state the following:

> Though we have not ruled before on the meaning of "years" in this exact context, several state courts have interpreted how to count "years" when applying sexual offense statutes. The Connecticut Supreme Court observed that "common sense dictates that in comparing the relative ages of individuals, the difference in their ages is determined by reference to their respective birth dates." **State v. Jason B.**, 248 Conn. 543, 729 A.2d 760, 767 (1999). Florida, Wisconsin, and North Carolina have each relied on that interpretation to conclude that the phrase "more than 4 years older" within 42 U.S.C. § 16911(5)(C) or similar statutes means more than 1,461 days older. **See State v. Marcel**, 67 So.3d 1223, 1225 (Fla.Dist.Ct.App. 2011) ("if a defendant is one day past the four-year eligibility .. . [he] clearly is 'greater' or 'of a larger amount' than four years."); **State v. Parmley**, 325 Wis.2d 769, 785 N.W.2d 655, 662 (Wis.Ct.App. 2010) ("From these cases we conclude that to calculate the disparity of ages . . . to determine if an actor

is exempt from registering as a sex offender, the time between the birth dates of the two parties is to be determined."); *State v. Faulk*, 200 N.C.App. 118, 683 S.E.2d 265, 267 (2009) ("Neither our legislature nor this court deals only in whole integers of years, and, as such, this argument must fail. So too does defendant's argument that a plain language analysis of the statute requires this Court to consider the everyday conversational meaning of age differences...."). That conclusion is, we think, entirely correct.

740 F.3d, at 151. Based upon this recitation, the Third Circuit Court of Appeals reinstated the indictment against Brown, Jr. as he was, as stipulated, 4 years older than his victim at the time of the offense. *Id.* Yet, the **Brown, Jr.** court could barely envision the scenario confronted by this Court. Quoting the **Brown, Jr.** court,

It seems highly unlikely that a prosecution will ever be brought on the basis that someone who is exactly 4 years older than another by birth -date will be prosecuted under SORNA on the theory that, by hours or minutes, the offender was "more than 4 years older." We are not required to address extreme hypotheticals.

*Id.*, at 150, n. 10. We have before us more than an extreme hypothetical, for it is a criminal case.

Instantly, it must be recognized that the SORNA exception at issue in **Brown, Jr.** stands in contrast to 18 Pa.C.S.A. 3122.1(a)(1), which we deal with here. The SORNA exception deals with the phrase "*more than* 4 years" 42 U.S.C. § 16911(5)(C); whereas, 18 Pa.C.S.A. 3122.1(a)(1) simply states that the offender must be "four years older". Nonetheless, we find this to be a distinction without a difference. The "extreme hypothetical" recounted *supra* raises the instant issue.

We have circled long enough and now we state why there was sufficient probable cause. Just as the **Brown, Jr.** court found that, "'[m]ore than 4 years' means anything in excess of 1,461 days," it follows that 4 years means 1,461 days. 740 F.3d 145,

148 (3d Cir. 2014). [Trevor and Travis Price] were born 1,461 *days* before their victim, which satisfies the four years older element of 18 Pa.C.S.A. 3122.1(a)(1). [The Price brothers] were not *more* than four years older than the victim; however, [they] were, exactly, four years older. We find some ancillary support for our conclusion in **Commonwealth v. Hooks**, 921 A.3d 1199 (Pa. Super. Ct. 2007). In **Hooks**, the Superior Court clarified that the common law practice of ascribing a newly attained age to a person on the day *before* their birthday is abolished and that the anniversary date of birth marks the achievement of the next age. ***Id.***, at 1209-1210. "[W]e conclude a person reaches a given age on the anniversary of birth, that is, on his or her birthday." ***Id.***, at 1210. Though the context is admittedly different, we are nonetheless struck by the clarity of dealing in days and we believe that the *ipse dixit* argument presented by [Trevor and Travis Price] would result in a tyranny of semantics. This is why we further rejected [their] argument in favor of applying the rule of lenity. As stated in **Sondergaard v. Com., Dept of Transp.**:

> The rule of lenity provides that where a statute is penal and the language of the statute is ambiguous, the statute must be construed in favor of the defendant. . . and against the government. Underpinning the rule of lenity is the fundamental principle of fairness that gives validity to our laws and requires a "clear and unequivocal warning in language that people generally would understand as to what actions would expose them to liability for penalties and what the penalties would be." **Commonwealth v. Reaser**, 851 A.2d 144, 149 (Pa. Super. Ct. 2004) (quoting **Commonwealth v. Cluck**, 381 A.2d 472, 477 (Pa. Super. Ct. 1977)). The rule of lenity, though it has its origins in common law, is consistent with Pennsylvania's rules of statutory construction, which require that provisions of a penal statute, whether that statute be civil or criminal, must be construed narrowly. **See** 1 Pa.C.S. § 1928(b) ("All provisions of a statute of the classes hereafter enumerated shall be strictly construed: (1) penal provisions . . .").

**Sondergaard v. Com., Dept of Transp.**, 65 A.3d 994, 997-98 (Pa. Cmwlth. [2013]). Frankly, we do not find the statute in question, 18 Pa.C.S.A. 3122.1(a)(1), to be ambiguous. Moreover,

- 11 -

18 Pa.C.S.A. 3122.1(a)(1) does give a clear and unequivocal warning in language that people generally would understand as to what actions would expose them to liability. *Sondergaard*, *supra*.

Trial Court Opinion, 6/2/2017, at 6-11 (footnotes and record citations omitted).

Recognizing that this case presents a unique set of factual circumstances, we are compelled to disagree with the court's conclusion. We begin by noting we are guided by the following:

The [Statutory Construction] Act is clear that the object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the legislature. 1 Pa.C.S.A. § 1921(a). Generally, the best indication of the General Assembly's intent is the plain language of the statute. *Martin v. Commonwealth, Dep't of Transp., Bureau of Driver Licensing*, 588 Pa. 429, 438, 905 A.2d 438, 443 (2006). When the words of a statute are clear and unambiguous, there is no need to look beyond the plain meaning of the statute "under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b); *see Commonwealth v. Conklin*, 587 Pa. 140, 152, 897 A.2d 1168, 1175 (2006). Consequently, only when the words of a statute are ambiguous should a court seek to ascertain the intent of the General Assembly through consideration of statutory construction factors found in Section 1921(c). 1 Pa.C.S.A. § 1921(c); *Koken v. Reliance Ins. Co*., 586 Pa. 269, 288, 893 A.2d 70, 81 (2006).

Additionally, penal statutes are to be strictly construed. 1 Pa.C.S.A. § 1928(b)(1); *Commonwealth v. Booth*, 564 Pa. 228, 234, 766 A.2d 843, 846 (2001); *Commonwealth v. Wooten*, 519 Pa. 45, 53, 545 A.2d 876, 879 (1988). Yet, the need for strict construction does not require that the words of a penal statute be given their narrowest meaning or that legislative intent should be disregarded. *Id.* at 53, 545 A.2d at 880; *Commonwealth v. Gordon*, 511 Pa. 481, 487, 515 A.2d 558, 561 (1986). It does mean, however, that, if an ambiguity exists in the verbiage of a

- 12 -

penal statute, such language should be interpreted in the light most favorable to the accused. ***Booth***, 564 Pa. at 234, 766 A.2d at 846; ***Wooten***, 519 Pa. at 53, 545 A.2d at 879. More specifically, "where doubt exists concerning the proper scope of a penal statute, it is the accused who should receive the benefit of such doubt." ***Booth***, 564 Pa. at 234, 766 A.2d at 846; ***Commonwealth v. Allsup***, 481 Pa. 313, 317, 392 A.2d 1309, 1311 (1978).

Finally, the Crimes Code itself supplies guidance as to the construction of the provisions of the Code: "The provisions of this title shall be construed according to the fair import of their terms but when the language is susceptible of differing constructions it shall be interpreted to further the general purposes stated in this title and the special purposes of the particular provision involved." 18 Pa.C.S.A. § 105.

***Commonwealth v. Fithian***, 961 A.2d 66, 73-74 (Pa. 2008).

The Pennsylvania Crimes Code does not specifically define the meaning of the term "four years older." Further, both the Third Circuit and a panel of this Court have calculated applicable dates for similar statutes in terms of days, not hours. ***See Brown***, ***supra***; ***Hooks***, ***supra***. Relying on those decisions, the trial court herein determined that "four years means 1,461 **days**" and the Price brothers were born 1,461 days before the victim, "which satisfie[d] the four years older element" of Section 3122.1(a)(1). Trial Court Opinion, 6/2/2017, at 9-10 (emphasis added). The court also determined the difference between the federal statutory language analyzed in ***Brown***, ***supra***,

"more than 4 years,"[5] and the phrase at issue here, "four years older," was "a distinction without a difference." Trial Court Opinion, 6/2/2017, at 9.

As recited above, Trevor Price was born May 5, 1994, at 7:00 p.m., Travis Price was born May 5, 1994, at 6:50 p.m., and the victim was born May 5, 1998, at 8:16 a.m. If the difference in the ages of the defendants and the victim is calculated by hours, both brothers are 3 years, 364 days, and approximately 10 hours older than the victim. Consequently, the Price brothers are less than four years older than the victim by 14 hours. However, as found by the trial court, if the term is counted by days, then they would be "four years older" because the brothers are 1,461 days older than the victim.[6] The definition of what constitutes a day is not defined by the Crimes Code, and that determination is essential to this calculation. Nonetheless, we accept the Price brothers' argument that

> [they] had to be a *full* 1461 days older than the victim. A "day" is twenty-four (24) hours. [They] w[ere] not a full 1461 days older than the victim in June of 2012 [and August of 2012]. This fact has been stipulated. [The Price brothers] w[ere] fourteen (14) hours short of a full day from the age of the victim.

Trevor Price's Brief at 30 (reproduced record citation omitted); ***see also*** Travis Price's Brief at 28-29.

_____

[5] ***See*** 42 U.S.C. § 16911(5)(C).

[6] ***See*** Trial Court Opinion, 6/2/2017, at 9-10.

Because this is a unique case, and given that the Pennsylvania legislature has yet to define the term "four years older," we are compelled to conclude there is a latent ambiguity when the term is applied to the special set of facts.[7] By using only days, the trial court ignored the fact that based on the exact date and time of birth of the victim and the Price brothers, they were not four years older than the victim. Rather, they were 14 hours short of that requirement. As such, we must apply the rule of lenity to resolve the ambiguity in Section 3122.1(a)(1) in favor of the Price brothers. ***Fithian***, 961 A.2d at 73. Applying that rule to this case, we find the Commonwealth has not satisfied the "four years older" requirement of Section 3122.1(a)(1) with regard to the Price brothers, because they are only 3 years, 364 days, and approximately 10 hours older than the victim.

Accordingly, we conclude the trial court erred in denying the Price brothers' *habeas corpus* petitions and subsequently, finding them guilty of

---

[7] One could reasonably interpret the statute two different ways as to what precisely a day is and therefore, the period of 1,461 days becomes inclusive or exclusive as to a defendant who is born "on the day of" under Section 3122.1(a)(1).

statutory sexual assault under Section 3122.1(a)(1).[8]  Therefore, we vacate

the judgments of sentence.

Judgments of sentence vacated.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/02/2018

---

[8] Consequently, because we determined the trial court erred in denying their petitions based on statutory construction, we need not address their remaining argument regarding whether the trial court abused its discretion when it ruled they could not argue the critical factual issue of what "four years older" meant to the jury.