# Third District Court of Appeal

## State of Florida

Opinion filed November 15, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1416
Lower Tribunal No. F96-22261A
_____


**Kenyatta A. Heath,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An appeal conducted pursuant to Anders v. California, 386 U.S. 738 (1967), from the Circuit Court for Miami-Dade County, Diana Vizcaino, Judge.

Kenyatta A. Heath, in proper person.

Ashley Moody, Attorney General, and Richard L. Polin, Chief Assistant Attorney General, for appellee.


Before EMAS, HENDON and BOKOR, JJ.

PER CURIAM.

Affirmed. <u>See</u> § 943.0435(12), Fla. Stat. (2023) ("The designation of a person as a sexual offender is not a sentence or a punishment but is simply the status of the offender which is the result of a conviction for having committed certain crimes."); <u>State v. Brena</u>, 278 So. 3d 850, 854-55 (Fla. 3d DCA 2019) ("We observe that Mr. Brena's motion to delete the registration requirement was not brought pursuant to either rule 3.800 or 3.850. Nor could it properly be considered by the trial court as a rule 3.800(a) or 3.850 motion for it is well-settled that the sexual offender registration requirement is not punishment and is not part of a sentence."); <u>State v. Whitt</u>, 96 So. 3d 1125, 1126 (Fla. 5th DCA 2012) (affirming denial of defendant's motion, which sought the removal of his name from FDLE's Sexual Offender Registry, and holding: "Because the sexual offender designation was not part of the plea or sentence, the circuit court did not have jurisdiction to consider this matter.").