# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

STATE OF FLORIDA,

Appellant,

v.

MARK ALAN KORSON,

Appellee.

No. 2D2024-0807

_____

March 26, 2025

Appeal from the Circuit Court for Hillsborough County; Michelle Sisco, Judge.

James Uthmeier, Attorney General, Tallahassee, and Allison C. Heim and Lara E. Breslow, Assistant Attorneys General, Tampa, for Appellant.

Ron M. Kleiner of Law Offices of Ron M. Kleiner, Esq., Miami, for Appellee.

KHOUZAM, Judge.

The State seeks review of the order granting Mark Allan Korson's petition for removal of the requirement to register as a sexual offender pursuant to section 943.0435(11), Florida Statutes (1999).  Because we do not have jurisdiction over this matter, we dismiss.  However, due to

the frequency of State appeals challenging registration removal orders, we write to explain our reasoning and provide guidance to trial courts in future cases.

*Background*

In 1992, Korson pleaded guilty to sexual battery under section 794.011(5), Florida Statutes (1992), and battery on a spouse under section 784.03(1)(a), Florida Statutes (1992). After serving time in prison, he successfully completed probation in 1999. At that time, Florida law provided that sexual offenders could petition to be relieved of their registration obligations after complying for twenty years without any new arrests. *See* § 943.0435(11), Fla. Stat. (1999) ("the removal provision"). In July 2023, Korson filed his petition for removal of his registration requirement on the basis that he had complied for twenty years without any new arrests.

The State opposed Korson's petition, arguing that because section 943.0435 is procedural, the current version of the removal provision should apply. The statute has been amended to extend the necessary period of compliance to twenty-five years and to exclude offenders with certain adult convictions. § 943.0435(11), Fla. Stat. (2024). As Korson has an adult conviction under section 794.011(5), he would be excluded from the removal provision under the current version. *See* § 943.0435(11)(a)(1)(b), Fla. Stat. (2024).

However, Korson argued—and the trial court agreed—that section 943.0435(11) is substantive instead of procedural and, therefore, cannot apply retroactively. Accordingly, the court found that the earlier version applied in Korson's case and that he was eligible for removal from registration requirements. The court granted his petition for removal.

2

*This Appeal*

The State has filed an appeal of the final order granting Korson's petition but requests this court treat its appeal as a petition for writ of certiorari if appropriate. In the past, this court converted a State appeal challenging the grant of a petition to remove registration requirements to a petition for writ of certiorari. *See State v. Welch*, 94 So. 3d 631, 633 (Fla. 2d DCA 2012) (converting State appeal to an original proceeding seeking certiorari review after the State failed "to identify the provision of law or of Florida Rule of Appellate Procedure 9.140 that authorized the appeal"). However, following our decision in *Welch*, the Florida Supreme Court decided *LaFave v. State*, 149 So. 3d 662 (Fla. 2014).

In *LaFave*, the supreme court held that a "district court lack[s] jurisdiction to grant the State's petition for writ of certiorari where the trial court's order is a final order and where the State had no statutory right to appeal the order." *Id.* at 670. As this rule would foreclose certiorari jurisdiction if it applies in Korson's case, we ordered the parties to address the applicability of *LaFave* in supplemental briefing in furtherance of our judicial duty to investigate jurisdiction even sua sponte whenever any doubt arises. *See Polk County v. Sofka*, 702 So. 2d 1243, 1245 (Fla. 1997) ("[T]he limits of a court's jurisdiction are of 'primary concern,' requiring the court to address the issue 'sua sponte when any doubt exists.' " (quoting *Mapoles v. Wilson*, 122 So. 2d 249, 251 (Fla. 1st DCA 1960))).

The State responded that *LaFave*, a criminal case, does not apply here because registration removal proceedings are civil matters. We are not persuaded. We find our en banc decision in *King v. State*, 911 So. 2d 229 (Fla. 2d DCA 2005), instructive. There, we held that a sexual predator designation order is not a separate civil order but rather part of

3

a criminal proceeding that can be challenged on direct appeal and via postconviction motion. *Id.* at 230, 234. The Florida Supreme Court approved our decision in *King* to the extent that sexual predator designation orders may be challenged by postconviction motion, even though designation is not a sentence nor punishment. *Saintelien v. State*, 990 So. 2d 494, 496-97 (Fla. 2008); *see also Breitberg v. State*, 3 So. 3d 1193, 1194 (Fla. 2009) (approving *King* to the extent that a sexual predator designation may be challenged under rule 3.800(a)). *But see State v. Whitt*, 96 So. 3d 1125, 1126 (Fla. 5th DCA 2012) ("Because the sexual offender designation was not part of the plea or sentence, the circuit court did not have postconviction jurisdiction to consider this matter."). Although these cases dealt with sexual predator designation, we believe they apply equally to sexual offender registration to the extent that such matters are treated as part of a criminal proceeding, not separate civil matters.

As the State has not provided and we have not found a reason why *LaFave* should not apply here, we conclude that *Welch* has been implicitly overruled by *LaFave*.[1] *See Simpson v. State*, 326 So. 3d 195, 196 (Fla. 5th DCA 2021) (concluding in a three-judge panel decision that "our prior decision . . . was implicitly overruled by our supreme court."); *Castellanos v. Reverse Mortg. Funding LLC*, 320 So. 3d 904, 905 (Fla. 3d DCA 2021) (same); *Mier v. State*, 58 So. 3d 319, 321 (Fla. 1st DCA 2011) (same).

---

[1] We are aware that several opinions have followed our decision in *Welch*. *See, e.g., State v. Hernandez*, 278 So. 3d 845, 848 (Fla. 3d DCA 2019); *State v. Brena*, 278 So. 3d 850, 854 (Fla. 3d DCA 2019); *State v. Caragol*, 120 So. 3d 641, 644 (Fla. 5th DCA 2013). Although our decision here is confined to the effect of *LaFave* on *Welch* and the instant case, we note that these cases may be impacted as well.

## Clarification for Future Cases

Although *LaFave* mandates dismissal, we wish to provide clarity for trial courts regarding which version of section 943.0435 should be applied in future cases like this one. State appeals challenging registration removal orders are arising with some frequency, and applying the incorrect statute (as the trial court did here) is error, with the consequence of sex offenders being released from their reporting requirements earlier than they legally should be.

This court has previously held that "section 943.0435 is procedural in nature" and may properly be applied retroactively. *See Givens v. State*, 851 So. 2d 813, 814-15 (Fla. 2d DCA 2003), *review denied*, 917 So. 2d 193 (Fla. 2005); *cf. Hurtado v. State*, 332 So. 3d 15, 17 (Fla. 2d DCA 2021) ("Finally, we are not troubled by the application of the current version of the ["Romeo and Juliet"] statute [section 943.04354] to Hurtado. This court has upheld the application of the sexual offender registration requirement to defendants who were convicted prior to its enactment." (citing *Givens*, 851 So. 2d 814-15)). Based on this clear and binding case law, the trial court should have applied the current version of section 943.0435. And under the plain language of the current version, Korson should have been excluded from the removal provision because he has an adult conviction under section 794.011(5).

## Conclusion

In light of the supreme court's holding in *LaFave*, we lack jurisdiction over this State appeal and are constrained to dismiss.

Dismissed.

KELLY and VILLANTI, JJ., Concur.

————————————————

Opinion subject to revision prior to official publication.